[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2006
THOMAS K. KAHN
CLERK

No. 05-14406
Non-Argument Calendar

_____

D. C. Docket No. 02-10013-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ALVAREZ,

Defendant-Appellant.

_____

No. 05-14814
Non-Argument Calendar

_____

D. C. Docket No. 04-10039-CV-ASG

CARLOS ALVAREZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

**(June 16, 2006)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Carlos Alvarez, originally pro se but now represented by counsel, appeals

the district court's denial of: (1) his Rule 36 motion to correct his written sentence

to comport with the oral pronouncement of his sentence, and (2) his § 2255 motion

to vacate his sentence.[1]  After review, we affirm.

## I.  BACKGROUND

### A. Sentencing

Pursuant to a plea agreement, Alvarez pled guilty to two counts of aiding

and abetting others in smuggling two illegal aliens into the United States for

commercial advantage and private financial gain, in violation of 8 U.S.C. §

1324(a)(2)(B)(ii) and 18 U.S.C. § 2.  Alvarez committed the instant offense on

March 10, 2002, when he permitted others to use his marina as a staging area to

---

[1]The Court hereby sua sponte consolidates these two appeals.  See Fed. R. App. P.
3(b)(2).

2

smuggle aliens from Cuba.

By the time of sentencing, Alvarez was serving several other federal sentences: (1) a 10-month sentence for filing fraudulent Pell Grant applications with the Department of Education; and (2) a total sentence of 36 months consisting of two concurrent 27-month sentences on two counts of smuggling aliens into the United States and an additional consecutive 9-month sentence. He was also awaiting sentencing on another federal offense of embezzling Pell Grant funds.

At the sentencing hearing on May 28, 2003, Alvarez objected to his criminal history computation under the Sentencing Guidelines, arguing that his other alien smuggling convictions were related to the instant offense and should not be counted. The district court rejected as unsound the argument that multiple smuggling trips would not be a "graver offense" than a single smuggling trip. Among other things, the district court stated, "I can't agree with you. It is clear somebody who violated the law 28 times deserves a heavier sentence than someone who did it just one time." The district court overruled Alvarez's objection.

The district court ultimately imposed a sentence of "42 months as to counts one and 2 to run concurrently with each other." After imposing Alvarez's two 42-month sentences ("the instant sentence"), the district court asked if there was anything further. Alvarez's counsel replied, "Just the sentence is concurrent. Is

that correct?" The district court answered, "Right."

The judge presiding over Alvarez's sentencing died shortly after the sentencing hearing and before the written judgment could be entered. Therefore, on June 17, 2003, the new judge assigned to Alvarez's case entered the written order of judgment and commitment, stating, inter alia, that Alvarez was "to be imprisoned for a term of 42 Months. As to each Count 1 & 2 to run concurrently with each other." Alvarez did not file a direct appeal of the instant sentence.

## B. Rule 36 Motion

On May 11, 2004, Alvarez filed a pro se motion to correct the judgment pursuant to Federal Rule of Criminal Procedure 36. Alvarez argued that his sentence in the written judgment did not conform with the oral sentence pronounced at the sentencing hearing in two ways: (1) the special conditions in the written judgment did not correspond to the oral pronouncement at the sentencing hearing; and (2) the instant sentence was supposed to run concurrently with his two other undischarged federal sentences, rather than consecutively as interpreted by the Bureau of Prisons.

A magistrate judge issued a Report and Recommendation ("R&R") and recommended that Alvarez's Rule 36 motion be granted as to modifying his special conditions of supervision and denied as to making his instant sentence concurrent

4

with his other federal sentences. The magistrate judge found that it was clear from the record that the district court neither considered nor ordered that the instant sentence run concurrently with defendant's other federal sentences. The magistrate judge noted that the idea of such a concurrent sentence was never raised before the district court and that the only time the district court referred to concurrent sentences was with respect to Counts 1 and 2 of the instant indictment. Indeed, we note that there was no mention of imposing the instant sentence concurrent with Alvarez's other federal sentences in the plea agreement, the transcript of the change-of-plea hearing, the PSI, Alvarez's objections to the PSI or the court minutes of the sentencing hearing.

Alvarez filed pro se objections to the R&R. The district court held a hearing on Alvarez's objections. Alvarez's sentencing counsel testified that because the sentencing judge clearly stated that the sentences for the two counts in this case were concurrent, his question about a concurrent sentence was in reference to the instant sentence being concurrent with Alvarez's other federal sentences. Alvarez's sentencing counsel also stated that the government had agreed that it would not object to a sentence concurrent with Alvarez's other federal sentences as long as Alvarez received three years for the instant offenses.

The district court adopted the R&R and denied Alvarez's Rule 36 motion.

The district court pointed out, <u>inter alia</u>, that neither the plea agreement nor the sentencing hearing indicated any intention to run the instant sentence concurrent with Alvarez's other federal sentences. Alvarez filed a <u>pro se</u> motion for reconsideration, which the district court denied. Alvarez then filed this appeal.

## C.     Section 2255 Motion

Alvarez also filed a <u>pro se</u> motion to vacate his sentence pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel at sentencing. Alvarez argued that his sentencing counsel failed to properly request that Alvarez's instant sentence run concurrently with his other undischarged federal sentences.

A magistrate judge issued an R&R, recommending that Alvarez's § 2255 motion be denied. The magistrate judge concluded that, although the performance of Alvarez's sentencing counsel was constitutionally deficient, Alvarez had not shown prejudice because there was no reasonable probability that the sentencing court would have granted a request that the instant sentence run concurrently with Alvarez's other federal sentences. Alvarez filed <u>pro se</u> objections to the R&R. Adopting the R&R, the district court denied Alvarez's § 2255 motion. Alvarez filed a motion for reconsideration, arguing <u>inter alia</u> that the court should have held a <u>de novo</u> hearing on his § 2255 motion. The court denied the motion for reconsideration, but later granted a certificate of appealability on Alvarez's

6

ineffective assistance of counsel claim.

## II. DISCUSSION

**A.      Rule 36 Motion**

Federal Rule of Criminal Procedure 36 allows a court, "[a]fter giving any notice it considers appropriate, . . . at any time [to] correct a clerical error in a judgment, order, or other part of the record . . . ." Fed. R. Crim. P. 36. "Rule 36 may not be used to make a substantive alteration to a criminal sentence." United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir.), cert. denied, 543 U.S. 975 (2004) (citation and quotation marks omitted). However, Rule 36 may be used to ensure that the written judgment is in accord with the oral sentence. Portillo, 363 F.3d at 1164; United States v. Khoury, 901 F.2d 975, 976-77 (11th Cir. 1990). "Where there is a discrepancy between the orally imposed sentence and the written order of judgment and committal, the oral sentence controls." Khoury, 901 F.2d at 977 (citations omitted). "If the oral sentence is ambiguous, then, in an attempt to discern the intent of the district court at the time it imposed sentence, the reviewing court [under Rule 36] may consider extrinsic evidence, including the commitment order." Id. (citations omitted)[2]

A district court has the discretion to run multiple terms of imprisonment

---

[2]"We review the district court's application of Fed.R.Crim.P. 36 to correct its judgment at sentencing as a matter of law de novo." Portillo, 363 F.3d at 1164.

either concurrently or consecutively. However, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a); see also U.S.S.G. § 5G1.3(c). Here, the district court's oral sentence is not ambiguous.[3] The district court very clearly imposed a sentence of 42 months as to Counts 1 and 2 to run concurrently with each other. The district court said nothing to indicate a desire to have Alvarez's two 42-month concurrent sentences in this case run concurrently with Alvarez's other undischarged federal sentences. Further, the district court's affirmative response of "Right," to sentencing counsel's clarifying question "[T]he sentence is concurrent. Is that correct?" also does not indicate an intent to run the instant sentence concurrently with other undischarged federal sentences. This is particularly true since there was no mention of Alvarez's other federal sentences in counsel's question or in that response.

Finally, our inquiry is concerned only with the district court's intent at the time the instant sentence was imposed. Khoury, 901 F.2d at 978 (explaining that the "touchstone [is] the intention of the district court"). The fact that Alvarez and

_____

[3]Because no ambiguity exists in the district court's oral sentence, we need not consult extrinsic evidence to divine the district court's intent. However, we note that none of the extrinsic evidence suggests an intent by the district court to impose the instant sentence to run concurrently with Alvarez's other federal sentences. The written plea agreement, the change-of-plea hearing transcript, the PSI, Alvarez's written objections to the PSI and the court minutes of the sentencing hearing do not mention imposing a sentence concurrently with Alvarez's other federal sentences.

his sentencing counsel may have intended that his sentence should run concurrently with his other federal sentences is immaterial. Given that the district court's pronouncement did not mention, much less order, Alvarez's 42-month sentence to run concurrently with his other federal sentences, there is no discrepancy on this point between the oral sentence and the sentence in the written judgment. Accordingly, the district court properly denied Alvarez's Rule 36 motion.

**B.      Section 2255 Motion**

Alvarez also challenges the denial of his § 2255 motion based on ineffective assistance of counsel. To demonstrate ineffective assistance, an appellant must show both (1) deficient performance by counsel and (2) a reasonable probability that counsel's deficient performance affected the trial outcome. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). We need not reach the performance prong because we agree with the district court that Alvarez has not shown he was prejudiced by his sentencing counsel's performance.[4]

To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[4]"In federal habeas appeals based on claims of ineffective assistance of counsel, we review the district court's findings of fact for clear error and its legal conclusions and mixed questions of law and fact de novo." Michael v. Crosby, 430 F.3d 1310, 1318 (11th Cir. 2005), pet. for cert. filed, (U.S. Feb. 13, 2006) (No. 05-9552) (citation omitted).

proceeding would have been different." Id. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693, 104 S. Ct. at 2067. In the sentencing context, the defendant must show a reasonable probability that his sentence would have been different. Peoples v. Campbell, 377 F.3d 1208, 1244 (11th Cir. 2004) (applying Strickland's prejudice prong in § 2254 context).

Here, Alvarez has not met his burden to show a reasonable probability that, had his sentencing counsel made an explicit request, the district court would have ordered his 42-month sentence to run concurrently with his other federal sentences. This is particularly true given the district court's adamant position during the hearing that a lengthier sentence is appropriate when a defendant commits multiple offenses. While the district court's comments were made during a discussion of how to calculate Alvarez's criminal history score, they also suggest it was less likely the district court would have granted a request to run Alvarez's instant sentence concurrently with his other alien smuggling sentence. Alvarez's assertion that the sentencing judge might have imposed a sentence concurrent with his other federal sentences is mere speculation. We note that the sentencing judge had the discretion to impose a sentence concurrent or partially concurrent with Alvarez's

other sentences, regardless of whether Alvarez's counsel requested the court to do so.  See 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3(c).

We also reject Alvarez's contention that the district court was required to conduct a hearing before ruling on his § 2255 motion.  The facts were not in dispute with regard to the prejudice prong of Alvarez's ineffective assistance claim.  Thus a hearing would not have assisted in the resolution of Alvarez's § 2255 motion.  See Breedlove v. Moore, 279 F.3d 952, 960 (11th Cir. 2002) (explaining that, although a habeas petitioner is entitled to a hearing if he alleges facts that, if proved, would entitle him to relief, a hearing is not necessary if it would not assist in the resolution of the claim).

For the reasons stated, we affirm the district court's denial of both Alvarez's Rule 36 motion and his § 2255 motion.

**AFFIRMED**.