[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15639

_____

D.C. Docket Nos. 4:13-cv-00195-RH-CAS,
4:10-cr-00070-RH-CAS-1

SHANE JONES,                                            Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 27, 2018)

Before WILSON and NEWSOM, Circuit Judges, and WRIGHT,[*] District Judge.

PER CURIAM:

---

[*] Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, sitting by designation.

Shane Jones, a federal prisoner, appeals the district court's decision denying his motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. After review and oral argument, we affirm.

## I.

Jones pleaded guilty to possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B)(iii). At the time of sentencing on July 14, 2011, Jones was serving a three-year sentence in the Florida Department of Corrections for violating conditions of probation imposed in connection with convictions for possession of a firearm by a convicted felon and violation of driver's license restrictions.

After a three-level adjustment for acceptance of responsibility, Jones's total offense level was 34, and with a level VI criminal history category, the advisory guidelines range was 262 to 327 months. Jones's sentencing attorney argued that his criminal history category was "grossly overstated" because several of the violations factored in occurred within a short period of time, when Jones was only nineteen years old. Jones's attorney also noted that Jones "picked up three [criminal history category] points" for the violations that resulted in his undischarged state prison sentence.

2

The district court found that Jones's level VI criminal history category was proper but that treating him as a career offender would overstate the seriousness of his crimes. On the other hand, the district court found it "very troublesome" that Jones had a pattern of re-offending when given a chance to rehabilitate. Ultimately, the district court imposed a 120-month sentence, the statutory mandatory minimum. Speaking directly to Jones, the district court stated, "I have to tell you, Mr. Jones, I think this is the right sentence under all of the circumstances, and so that's why this is the sentence I'm going to impose."

Jones appealed his conviction and sentence, and this Court affirmed. Jones then filed a motion pursuant to 28 U.S.C. § 2255, asserting several ineffective assistance of counsel claims, including that his sentencing attorney failed to request that his federal sentence run concurrently with his undischarged state sentence. Jones alleged that his attorney had agreed to request that his federal sentence run concurrently with his state sentence, but when Jones reminded him to do so at sentencing, counsel misinformed him that he could address the issue on appeal. The district court adopted a magistrate judge's report and recommendation, finding that Jones's § 2255 motion should be denied in its entirety, without an evidentiary hearing. The district court denied a certificate of appealability but granted leave to proceed on appeal *in forma pauperis*.

3

This Court granted a certificate of appealability on the single issue of whether the district court erred in denying, without an evidentiary hearing, Jones's claim that counsel rendered ineffective assistance by failing to request that Jones's federal sentence run concurrently with his undischarged state sentence.

## II.

"In a 28 U.S.C. § 2255 proceeding, we review a district court's legal conclusions *de novo* and factual findings for clear error.  A claim of ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*." *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008).  We review the denial of an evidentiary hearing for abuse of discretion.  *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (citing *Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002)).

## III.

An evidentiary hearing is not required where an ineffective assistance of counsel claim can be resolved on the existing record.  *Schultz v. Wainwright*, 701 F.2d 900, 901 (11th Cir. 1983).  To prevail with an ineffective assistance of counsel claim, Jones has the burden to establish both deficient performance and prejudice--that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's

4

unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The Government concedes that if *Strickland*'*s* deficient performance prong were dispositive, Jones would be entitled to an evidentiary hearing, and we assume without deciding that Jones's allegations are sufficient to establish deficient performance.  To establish prejudice, Jones must establish a reasonable probability that had his sentencing counsel made an explicit request, the district court would have ordered his federal sentence to run concurrently with his undischarged state sentence.  *United States v. Alvarez,* 184 Fed. Appx. 876, 881 (11th Cir. 2006)*; see also Peoples v. Campbell*, 377 F.3d 1208, 1244 (11th Cir. 2004).  A review of the record confirms that Jones is unable to make this showing.  The district court pronounced Jones's sentence as follows: "Based on the Sentencing Reform Act of 1984, as amended, the court's judgment is that the defendant, Shane Jones, is committed to the Bureau of Prisons for 120 months."  Under the Sentencing Reform Act, multiple terms of imprisonment imposed at different times run consecutively unless the court orders otherwise, and the decision is left to the discretion of the sentencing court.  *See* 18 U.S.C. § 3584(a).  The possibility that the district court might have exercised its discretion to run Jones's federal sentence

5

concurrently with the remaining term of his state court sentence is insufficient to show prejudice, and the record indicates that a request to structure Jones's sentence in that way would have been denied.  The district court, aware that Jones was serving a state sentence for parole violations, plainly stated that the sentence imposed was "the right sentence under all of the circumstances."

Finally, because Jones is unable to show prejudice, an evidentiary hearing is unnecessary.  *Alvarez*, 184 Fed. Appx. at 881(citing *Breedlove v. Moore*, 279 F.3d 952, 960 (11th Cir. 2002) (explaining that an evidentiary hearing is not necessary if it would not assist in the resolution of the claim under § 2255).

## IV.

For the reasons stated, we affirm the district court's denial of Jones's claim asserting ineffective assistance of counsel.

AFFIRMED.