**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**George M. KHOURY,**
**Defendant–Appellant.**

**Nos. 87–5927, 88–5552.**

United States Court of Appeals,
Eleventh Circuit.

May 21, 1990.

As Amended June 7, 1990.

George M. Khoury, pro se.

Dexter W. Lehtinen, U.S. Atty., Dawn Bowen, Lynne W. Lamprecht, Linda C. Hertz, Asst. U.S. Attys.; Miami, Fla., for plaintiff-appellee.

Before FAY and KRAVITCH, Circuit Judges, and THOMPSON *, District Judge.

* Honorable Myron H. Thompson, U.S. District Judge for the Middle District of Alabama, sitting by designation.

KRAVITCH, Circuit Judge:

George Khoury was convicted of various drug-related offenses, and he appealed the judgment of conviction. The facts of that case are set forth in *United States v. Khoury,* 901 F.2d 948 (11th Cir.1990). While his appeal in 86–5175 was pending, Khoury filed a number of motions in the district court, and he subsequently filed two appeals from orders of the district court disposing of his motions. Those appeals, 87–5927 and 88–5552, were consolidated for consideration by the panel that heard and decided 86–5175. The consolidated appeals, however, were not orally argued and are decided now on the briefs.

## COLLATERAL RELIEF

■ Khoury filed a motion for post-conviction relief under 28 U.S.C. § 2255 after he had filed a notice of appeal. The district court denied the motion on the ground that the court lacked jurisdiction because jurisdiction had vested in the court of appeals for the pendency of the appeal.[1] The general rule is that a defendant may not seek collateral relief while his direct appeal is pending. *Jones v. United States,* 453 F.2d 351, 352 (5th Cir.1972) (per curiam);[2] *Welsh v. United States,* 404 F.2d 333 (5th Cir.1968). Khoury may pursue his collateral remedies without prejudice when jurisdiction is revested in the district court.

## MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE

■ Khoury, pointing to the allegedly exculpatory DEA–6 (a Drug Enforcement Administration report), discussed in our published decision *U.S. v. Khoury,* 901 F.2d at 969–70, moved for a new trial based on newly discovered evidence. The district court denied the motion. Such disposition accorded with Fed.R.Crim.P. 33, which provides:

> A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case.

Here an appeal was pending, and the case had not been remanded.[3] The district court, therefore, properly denied the motion as it could not grant relief absent a remand from this court.

"The decision to grant or deny a motion for new trial on the basis of newly discovered evidence rests in the sound discretion of the trial judge. We will reverse the denial of such a motion only where 'it is shown that the ruling was so clearly erroneous as to constitute an abuse of discretion.'" *United States v. Martino,* 648 F.2d 367, 407 (5th Cir.1981), *cert. denied,* 456 U.S. 949, 102 S.Ct. 2020, 72 L.Ed.2d 474 (1982). Based on the record before the district court, the ruling was not "so clearly erroneous as to constitute an abuse of discretion." Thus, the district court did not abuse its discretion in denying the motion for a new trial.

## SENTENCING

Pursuant to Fed.R.Crim.P. 36, Khoury moved the district court to correct the order of judgment and committal to conform to the sentence imposed at sentencing. The district court denied the motion and ordered the transcript of sentencing amended. At sentencing, the trial judge had orally pronounced sentence on Khoury. Unfortunately, the sentence was internally inconsistent:

> The Court being fully informed of the facts and circumstances surrounding the

1. The district court, on limited remand, found that there were no extraordinary circumstances such that Khoury's § 2255 motion should be considered during the pendency of the direct appeal.

2. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3. The Supreme Court has made clear that the district court has "jurisdiction to entertain the motion and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to remand the case." *United States v. Cronic,* 466 U.S. 648, 667 n. 42, 104 S.Ct. 2039, 2051 n. 42, 80 L.Ed.2d 657 (1984). *See United States v. Bascaro,* 742 F.2d 1335, 1344 (11th Cir.1984), *cert. denied,* 472 U.S. 1017, 105 S.Ct. 3476, 3477, 87 L.Ed.2d 613 (1985).

crimes and no valid reason having been shown as to why sentence should not now be imposed, it is the judgment of the Court and sentence of the law that George Khoury be committed to the custody of the Attorney General for the United States or his authorized representative, for imprisonment for a term of five years as to Count I of this Indictment.

It is further the judgment of the Court and sentence of the law as to Counts II and III of this Indictment, that the Defendant, George Khoury, be committed to the custody of the Attorney General of the United States or his authorized representative for imprisonment for a term of five years. The sentence imposed in Counts II and III of this are [sic] to run consecutively to each other and consecutively to the sentence imposed in Count I of this Indictment.

It is further the judgment of the Court and the sentence of the law as to Counts IV and XVI of this Indictment, that the Defendant, George Khoury, be committed to the custody of the Attorney General of the United States or his authorized representative for imprisonment for a term of five years. The sentence imposed in Counts IV and XVI of this Indictment are to run concurrently with each other and concurrently with the sentences imposed in Counts I, II and III of this Indictment, the aforementioned.

It is further the judgment of this Court that the aforementioned sentences set forth above as to Counts I, II, III, IV and XVI of this Indictment—let me back up here for a minute.

It is further the judgment of the Court and sentence of the law that the Defendant, George Khoury, serve a special parole term of five years as to Count IV of this Indictment and this special parole term is to run consecutively to sentence imposed as to Counts I, II, III, IV and XVI of this Indictment.

It is further the judgment of the Court that the aforementioned sentences set forth above as to Counts I, II, III, IV and XVI of this Indictment and the special parole term as to Count IV of this Indict-

ment are to run consecutively to the sentences imposed in Case Number 83–28–Criminal in the United States District Court in Puerto Rico.

Then the court added the following statement that is not contained in the written order:

It is the intention of this Court that the Defendant, George M. Khoury, serve a total term of imprisonment of ten years, and a special parole term of five years in addition to the sentence imposed in the United States District Court in Puerto Rico.

The court's statements as to counts 2 and 3, while not a model of clarity, are only internally consistent if construed to impose two terms of five years each, running consecutively to each other and to the five year term imposed on count 1, resulting in a total sentence of fifteen years imprisonment. The court, however, concluded with a statement of its intention to impose a sentence of ten years imprisonment. The written order of judgment and committal closely tracked the language of the oral sentence, but the order did not include a statement of the court's intention as to the total number of years of imprisonment.

■ Where there is a discrepancy between the orally imposed sentence and the written order of judgment and committal, the oral sentence controls. *United States v. McDonald*, 672 F.2d 864, 867 (11th Cir. 1982) (per curiam) (rehearing and rehearing en banc denied); *United States v. Kindrick*, 576 F.2d 675, 676–77 (5th Cir.1978); *Scott v. United States*, 434 F.2d 11, 20 (5th Cir.1970); *Cuozzo v. United States*, 340 F.2d 303, 304 (5th Cir.1965) (per curiam); *United States v. Villano*, 816 F.2d 1448, 1450–51 (10th Cir.1987) (en banc); *Schurmann v. United States*, 658 F.2d 389, 391 (5th Cir. Unit A 1981); *United States v. Lewis*, 626 F.2d 940, 953 (D.C.Cir.1980).

■ If the oral sentence is ambiguous, then, in an attempt to discern the intent of the district court at the time it imposed sentence, the reviewing court may consider extrinsic evidence, including the commitment order. *Villano*, 816 F.2d at 1453. In

*Lewis*, the orally imposed sentence constituted the judgment, and the written order was considered "mere evidence" of the "authority for the execution of the court's sentence." 626 F.2d at 953. In *Kindrick*, where there were two ambiguous oral statements by the district court in addition to a contradictory written order, this court noted that the touchstone was the intention of the district court: "The *district court* is master of a sentence; the *district court's* intention controls." 576 F.2d at 677 (emphasis in original).

■ In the instant case, pending appeal, the defendant brought the ambiguity of the orally imposed sentence to the attention of the district judge, arguing that the district court had clearly stated that its intention was to impose a ten year term of imprisonment. The defendant sought to have the alleged clerical error in the written order corrected to conform to the oral sentence. The oral sentence, however, contained more than the statement of the court's intention that the defendant serve ten years; it also laid out the sentence count-by-count for a 15 year total. The two portions of the oral sentence are in irreconcilable conflict. The district judge's own gloss on the count-by-count sentence was that his intention was to impose a ten year sentence. Nonetheless, in response to the defendant's later motion to correct the committal order, the district court ordered that the sentencing transcript be amended to read as follows: "It is the intention of this Court that the Defendant, George M. Khoury, serve a total term of imprisonment of fifteen (15) years."

Such an order was error and is without effect. This court received the transcript unchanged, and unchanged it shall remain. Amending the record of viva voce proceedings in the district court would undermine the legitimacy of appellate review, especially in regard to sentencing where the oral sentence, rather than the written order, is controlling.[4] *See Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986) (per curiam) (during pendency of appeal, district court is "without authority to modify a sentence meted out"); *United States v. Hitchmon*, 602 F.2d 689, 692 (5th Cir.1979) (en banc) (district court "divested of jurisdiction to take any action with regard to the matter [involved in the appeal] except in aid of the appeal"); *cf. Berman v. United States*, 302 U.S. 211, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937) (after appeal taken, district court may not modify its judgment by resentencing the prisoner).

The *Villano* court declared that "[i]t is incumbent upon a sentencing judge to choose his words carefully so that the defendant is aware of his sentence when he leaves the courtroom." 816 F.2d at 1452–53. This case exemplifies the difficulties arising from ambiguity.[5] In *Kindrick* this court's predecessor was faced with two ambiguous and conflicting oral sentences. Because the court could not find "a clear intention of the district court on the record" it vacated the sentences and remanded for resentencing. 576 F.2d at 677.

Although the district court has made clear its *current* intention that Khoury serve a 15 year term, the record of the district court's intention at sentencing is indiscernible given the internal inconsistencies in the sentence imposed. Accordingly, we vacate Khoury's sentence and remand for resentencing.

RULE 32 MOTIONS

■ While his appeal was pending, Khoury filed two motions complaining of

---

4. Rule 36 provides as follows:

Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

This rule does not authorize modification of the sentencing transcript where the defendant raises the issue of a disparity between the oral sentence and the written order. A contrary rule would frustrate appellate application of the substantive law governing discrepancies between sentences and committal orders.

5. In *Chunn v. United States*, 462 F.2d 1100 (5th Cir.1972), where there was a conflict between the sentence imposed orally and the committal order, the court of appeals, concerned that the transcript might be erroneous, vacated and remanded for a hearing and factual findings on what oral sentence the district court actually imposed.

Rule 32 violations. He did not raise claims relating to Rule 32 on his direct appeal of his conviction. The district court properly declined to consider the merits of Khoury's motions as the district court was without jurisdiction while Khoury's case was on appeal to this court. *United States v. Velez–Rendon*, 845 F.2d 304 (11th Cir.1988) (per curiam); *United States v. Fischer*, 821 F.2d 557 (11th Cir.1987) (per curiam).

## MISSING RECORD ALLEGATION

Khoury alleges that the district court erred in ruling on motions without having the pleadings before the court. Khoury bases his charge on the fact that the same day the court issued its omnibus order, May 5, 1988, Khoury received a letter from the district court clerk's office requesting that he send copies of his pleadings as the file was missing. The district court, however, explicitly stated that it always had had Khoury's pleadings before the court when ruling. Furthermore, this court is now in possession of the record, which contains the originals of Khoury's pleadings. Khoury's claim is without merit.

## OTHER CLAIMS

Khoury raises other claims on appeal relating to his conviction. Those claims, however, were not raised before the district court and were not the subject of the district court's omnibus order. Accordingly, we dismiss those claims as they are not part of the order from which Khoury appeals.

## CONCLUSION

Khoury's sentence is VACATED and his case REMANDED for resentencing. In other respects, we AFFIRM the district court's dismissal of Khoury's claims for lack of jurisdiction and the denial of Khoury's motion for a new trial.