7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome J. PALUMBO, Defendant-Appellant.
 No. 93-5385.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1993.
 
 Before KENNEDY and RYAN, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Jerome J. Palumbo, a pro se federal prisoner, appeals a district court order denying his motion to correct his sentence filed pursuant to Fed.R.Crim.P. 35(a). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1985, Palumbo and five codefendants were named in a 27-count indictment arising out of various fraudulent activities in connection with Sparta-Sanders State Bank in Gallatin County, Kentucky. A jury convicted Palumbo of one count of conspiracy to defraud a federally-insured bank (count 1), four counts of misapplication of bank funds (counts 6, 9, 12, 15), four counts of making false entries in the bank's books (counts 7, 10, 13, 16), and three counts of making a materially false statement (counts 11, 14, 17), in violation of 18 U.S.C. §§ 371, 656, 1005, and 1014. On June 2, 1986, Palumbo was sentenced in a written judgment to 5 years' imprisonment on count 1; 5 years, concurrent to each other and consecutive to count 1, on each of counts 6, 9, 12, and 15; five years, concurrent to each other and consecutive to count 1, on each of counts 7, 10, 13, and 16; and 2 years, concurrent to each other and consecutive to count 1, on each of counts 11, 14, and 17. In its oral judgment rendering the sentence, the court ordered that Palumbo serve a period of 12 years' imprisonment. In addition, he was fined $65,000, and was ordered to pay restitution in the amount of $505,716. His conviction was affirmed on direct appeal. United States v. Porter, Nos. 86-5745/5746 (6th Cir. Sept. 9, 1987) (per curiam), cert. denied, 485 U.S. 960 (1988).
 
 
 3
 In April 1992, Palumbo wrote to the district court, not for the first time, requesting a correction of his sentence to reflect an aggregate of 10 years, rather than 12. The district court construed this letter as either a motion to correct a clerical mistake under Fed.R.Crim.P. 36 or to modify his sentence under § 2255. The court denied the motion but, in its order, struck sua sponte a phrase from the written judgment that did not appear in the transcript of sentencing. The phrase which was struck did, indeed, cause Palumbo's sentence to add up to 10 years. The district court reaffirmed Palumbo's total sentence as 12 years.
 
 
 4
 Palumbo did not appeal this order. Instead, he filed another motion under Rule 35(a) which raised two grounds for relief. First, he argued that his sentence was illegal because it violated the double jeopardy protection against multiple punishments. Second, he again raised the question of his aggregate sentence, insisting that the oral sentence was 10 years. The district court denied this motion in an order filed on March 8, 1993. Palumbo timely appealed.
 
 
 5
 Upon careful review, we conclude that the district court properly denied Palumbo's motion for reduction of sentence. A motion filed under Rule 35 is addressed to the sound discretion of the district court. United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986). It can be disturbed only for illegality or gross abuse of discretion. United States v. Robinson, 700 F.2d 205, 214 (5th Cir.1983), cert. denied, 465 U.S. 1008 (1984). The district court's order in this case falls within neither category.
 
 
 6
 Palumbo's double jeopardy argument is completely meritless. It is well-settled that "a substantive crime, and a conspiracy to commit that crime, are not the 'same offense' for double jeopardy purposes." United States v. Felix, 112 S.Ct. 1377, 1384 (1992); see also United States v. Barrett, 933 F.2d 355, 361 (6th Cir.1991). Thus, a court's imposition of consecutive sentences for conspiracy and its substantive offenses does not violate the Fifth Amendment protection against double jeopardy. See Albernaz v. United States, 450 U.S. 333, 337-38 (1981); United States v. Sutton, 700 F.2d 1078, 1081 (6th Cir.1983).
 
 
 7
 In addition, the district court did not err in denying Palumbo's motion to modify his sentence to reflect an aggregate of 10 years. The district court denied Palumbo's original motion making this argument. In that order, the district court determined that the oral sentence provided for an aggregate sentence of 12 years and modified the written judgment accordingly. Palumbo did not appeal that decision, and it thus because the law of the case. See Cale v. Johnson, 861 F.2d 943, 947-48 (6th Cir.1988). It is true that the law of the case doctrine directs a court's discretion; it does not limit its powers. Id. at 947. "[I]t is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." Id. at 947 n. 8.
 
 
 8
 The district court did not clearly err in making its prior determination, and Palumbo does not suffer a manifest injustice. Where there is a discrepancy between an orally imposed sentence and the written order of judgment and commitment, the oral sentence generally controls. United States v. Chasmer, 952 F.2d 50, 52 (3d Cir.1991), cert. denied, 112 S.Ct. 1703 (1992); United States v. Khoury, 901 F.2d 975, 977 (11th Cir.1990). Where the oral sentence is ambiguous, the reviewing court may consider extrinsic evidence in resolving the ambiguity. Khoury, 901 F.2d at 977; United States v. McAfee, 832 F.2d 944, 946 (5th Cir.1987) (per curiam). Although the oral sentence in this case is ambiguous, the district court has examined the question at least twice and determined that he did, indeed, intend to sentence Palumbo to a total of 12 years' imprisonment. Because the sentencing court is in a unique position to know the actual terms of the sentence it intended to impose, deference should be accorded to its observations. United States v. Dickie, 752 F.2d 1398, 1400 (9th Cir.1985) (per curiam). Since the 12-year sentence determined by the district court is not inconsistent with the ambiguous language present in the transcript of the oral sentence, and in light of the deference to be accorded the district court's interpretation of its own sentence, we find that its determination regarding Palumbo's sentence is not clearly erroneous.
 
 
 9
 Accordingly, the district court's order, entered on March 8, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.