[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 31, 2005
THOMAS  K. KAHN
CLERK

No. 04-13798
Non-Argument Calendar
_____

D. C. Docket No. 03-00051-CR-DHB-1-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID MICHAEL FREEMAN, a.k.a. Main,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 31, 2005)

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

David Michael Freeman appeals his sentence for conspiracy to possess with

the intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 846. Freeman argues on appeal that his attorney was ineffective for failing to properly object to the constitutionality of the Federal Sentencing Guidelines ("guidelines"), which compelled the trial judge to impose a sentence higher than the statutory minimum. Specifically, Freeman contends that the failure of his counsel to object to the unconstitutionality of the mandatory nature of the guidelines under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), was deficient. In this respect, Freeman asserts that he should be resentenced pursuant to United States v. Booker, 543 U.S. ____, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Finally, Freeman argues that he was entitled to a four-level reduction pursuant to U.S.S.G. § 3B1.2(a) since he was a low level member of the conspiracy who never advanced up the ladder and was only involved in the conspiracy during the month of June 2002.

## I.

Generally, we do not review a claim of ineffective assistance of counsel raised on direct appeal when the district court did not entertain the claim or develop a factual record. Massaro v. United States, 538 U.S. 500, 505-06, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003); United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). Since Freeman did not raise the claim at the district

court, there is no record regarding his claim of ineffective assistance of counsel. Therefore, we do not in this proceeding consider the issue of ineffective assistance of counsel.

II.

Intertwined with Freeman's argument of ineffective assistance of counsel is his claim that he should be resentenced in a manner consistent with the Supreme Court's decision in Booker.

In Booker, issued after Freeman was sentenced, the Supreme Court held that the guidelines are an advisory rather than a mandatory regime. See Booker, 543 U.S. at ____, 125 S.Ct. at 764-65. Under Booker, there are two kinds of sentencing errors: constitutional and statutory. A constitutional error is "the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge; the error is the mandatory nature of the guidelines once the guidelines range has been determined." United States v. Shelton, 400 F.3d 1325, 1331 (11th Cir. 2005). A statutory error occurs when a district court judge sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment violation." Id. at 1330-31.

Since Freeman did not raise an objection under Blakely or Booker at the district court, we review for plain error. United States v. Rodriguez, 398 F.3d

3

1291, 1297 (11th Cir.), cert. denied, 73 U.S.L.W. 3531 (2005) (quotations and citations omitted). We "may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 1298.

The district court did not commit a constitutional error under Booker in sentencing Freeman using a drug quantity not stated in his indictment or plea agreement, because Freeman admitted the facts in the presentence investigation report, including drug quantity, at sentencing. Although the district court committed a non-constitutional error under Booker in sentencing Freeman under a mandatory guidelines system, this did not affect his substantial rights because there is nothing in the record suggesting that the sentencing judge would have issued a different sentence if the guidelines were advisory.

### III.

A defendant's role in the offense is a finding of fact to be reviewed only for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The proponent of the reduction always bears the burden of proving the

mitigating role in the offense by a preponderance of the evidence. Id. at 939. In determining the defendant's role in the offense, the "decision falls within the sound discretion of the district court." Id. at 945. "So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." Id.

According to the guidelines commentary, a four-level reduction pursuant to U.S.S.G. § 3B1.2(a) "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, comment. (n.4). The commentary further states that the minimal participant downward adjustment "will be used infrequently." Id. In determining whether a role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." De Varon, 175 F.3d at 940.

We have held that "[i]n making the ultimate determination of the defendant's role in the offense, the sentencing judge has no duty to make any specific subsidiary factual findings." Id. The district court "is not required to

make any specific findings other than the ultimate determination of the defendant's role in the offense." Id.

The district court did not clearly err in refusing to award Freeman a reduction under U.S.S.G. § 3B1.2(a). The record supports the district court's finding that Freeman was not a minimal participant in the relevant conduct for which he was being held accountable or in comparison to the other participants in the conspiracy. At sentencing, it was undisputed that federal agents intercepted telephone conversations between Freeman and a drug dealer in which Freeman: (1) attempted to purchase undisclosed quantities of cocaine base; and (2) described one ounce of cocaine base he actually acquired. Freeman's base offense level was calculated using an estimation of one ounce of cocaine base per the intercepted conversations. Thus, the relevant conduct attributed to Freeman was identical to his actual conduct. In addition, while Freeman's drug quantity was calculated only from the intercepted conversations in June 2002, information showed that Freeman bought several kilograms of crack cocaine over time from the dealer. Information also showed that two co-conspirators purchased one to three ounces of crack per week from the dealer, which is comparable to Freeman's admission that he would sometimes purchase 2.5 to 3 ounces of crack at a time. Therefore, notwithstanding Freeman's claim of limited responsibility or involvement, temporally, we find that

6

a sufficient basis existed to support the district court's finding that Freeman's role was comparable to the other co-conspirators.

## IV.

Although neither party raises the issue, the record reveals a discrepancy between the orally imposed sentence of 154 months' imprisonment and the written judgment entered by the district court imposing a 155 month term of imprisonment. We have held that "[w]here there is a discrepancy between the orally imposed sentence and the written order of judgment and committal, the oral sentence controls." United States v. Khoury, 901 F.2d 975, 977 (11th Cir. 1990). Therefore, we vacate the imprisonment portion of Freeman's sentence, and remand the case to the district court with instructions to enter a written judgment in conformity with the orally pronounced sentence.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.**