[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15842
Non-Argument Calendar

_____

D. C. Docket No. 05-00071-CR-ORL-28KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO LOVETTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 26, 2006)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Charles L. Handlin, appointed counsel for Antonio Lovette in this direct

criminal appeal, has moved to withdraw from further representation of the appellant and filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct.  Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is **GRANTED**.

At the sentencing hearing, the district court stated that Counts 3, 5, 8, and 11, of the indictment were dismissed, as per Lovette's plea agreement.  This statement was in error as Count 11 did not pertain to Lovette, and under the plea agreement Counts 3, 5, 8, and 21 should have been dismissed at sentencing.  The district court's written judgment correctly dismissed Counts 3, 5, 8, and 21. Accordingly, we affirm Lovette's conviction and sentence, but remand the case to the district court for the limited purpose of allowing that court to correct the inconsistency between the written judgment and the oral judgment.  United States v. Khoury, 901 F.2d 975, 978-9 (11th Cir. 1990) (remanding for resentencing due to substantive error in oral judgment); United States v. Bates, 213 F.3d 1336, 1340 (11th Cir. 2000) (remanding for correction of clerical error in written judgment under Rule 36); see also United States v. Portillo, 363 F.3d 1161, 1166 (11th Cir. 2004) (defendant's presence not required for the court to correct a clerical error

that does not substantially change his sentence).

**AFFIRMED and REMANDED for correction**