[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10727
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 30, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00295-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AYYUB ABDUL KHALIQ CORNELIUS
a.k.a. Musa Muhammed,
a.k.a. "I",
a.k.a. Ayyub Christopher York,
a.k.a. Ayyub York,

Defendant-Appellant

_____

No. 06-10763
Non-Argument Calendar

_____

D. C. Docket Nos. 05-00411-CR-01-JEC-1
05-00295-CR-01-JEC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER CORNELIUS,
a.k.a. Ayyub Cornelius,

Defendant-Appellant

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

**(October 30, 2006)**

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Ayyub Abdul Khaliq Cornelius appeals his sentences in consolidated cases involving conspiracy to commit bank fraud, bank fraud, identity theft, identification document fraud, and possession of a firearm by a convicted felon. Cornelius received a two-level enhancement, pursuant to U.S. Sentencing Guidelines Manual § 2B1.1(b)(2), because the district court found that there were more than ten victims of his fraud-related crimes. On appeal, Cornelius argues that because the individual account holders in this case were reimbursed by their bank within a short period of time, the district court should not have considered them victims for enhancement purposes.

Additionally, Cornelius alleges that the district court made a clerical error in

2

listing Cornelius' custodial sentence as eighty-four months instead of the twenty-four months actually imposed by the court in the firearm case.

*Standard of Review*

We review the district court's factual findings for clear error and its application of the Guidelines *de novo.* *United States v. Lee*, 427 F.3d 881, 892 (11th Cir. 2005) *cert. denied, Wyman v. U.S.,* __ U.S. __, 126 S. Ct. 1447, 164 L. Ed. 2d 145 (2006). Additionally, we have jurisdiction to review a claim for clerical errors in a district court's judgment, even when it was not initially raised below. *United States v. Massey,* 443 F.3d 814, 822 (11th Cir. 2006).

*Discussion*

Section 2B1.1(b)(2)(A)(i) of the Sentencing Guidelines provides that a base offense level should be increased two levels if the relevant offense involved ten or more victims. The Guidelines Application Notes define "a victim" as "any person who sustained any part of the actual loss determined under subsection (b)(1)." U.S.S.G. § 2B1.1 cmt. n.1. *See generally United States v. Inclema,* 363 F.3d 1177 (11th Cir. 2004) (directing courts to read the text of the Guidelines and its accompanying commentary together). The Guidelines further define "actual loss" as reasonably foreseeable pecuniary harm resulting from the offense. § 2B1.1 cmt. n.3(A)(i).

Cornelius argues that in interpreting the requirements of this section, we should follow the Sixth Circuit's reasoning in *United States v. Yagar,* 404 F.3d 967 (6th Cir. 2005). In *Yagar,* the Sixth Circuit found that individuals suffering a monetary loss that was short-lived and immediately covered by a third party are not victims for sentencing purposes. *Id.* at 971. However, in *United States v. Lee*, we declined to follow the Sixth Circuit reasoning in *Yagar*. 427 F.3d at 894. We found that this view did "not comport with the Guidelines" and concluded that individuals who are able to offset their losses could still be considered victims for Guidelines purposes. *Id.* at 895. We explained that the *Yagar* opinion did not appear to read the actual loss provisions of the Guidelines together with the Application Notes discussing credits against loss, which is required. *Id.* The credit against loss provisions treat people recovering collateral, money, property or services as having suffered a loss, but allow a defendant credit for that recovery. *Id.* We thus found that the Guidelines recognize the existence of an *initial* actual loss, even when that loss is subsequently remedied. *Id.* In *Lee,* we subsequently also distinguished *Yager* on the grounds that the losses suffered by the victims were not short-term or subject to indemnity. However, this did not detract from our conclusion that the Guidelines allow a court to find an actual loss by a reimbursed party, and therefore treat that party as a victim. We thus find no

4

reversible error in the district court decision.

Cornelius also argues that there is a clerical error in the judgment and commitment order in his firearm case as he was orally sentenced to twenty-four months imprisonment, rather than the listed eighty-four months. The government concedes the clerical error in the firearm judgment and asks that we remand the claim with instructions to correct the error.

Federal Rule of Criminal Procedure 36 states that "[a]fter giving any notice it considers appropriate, a court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." "Where there is a discrepancy between the orally imposed sentence and the written order of judgment . . . , the oral sentence controls. *United States v. Khoury*, 901 F.2d 975, 977 (11th Cir. 1990). Accordingly, we remand Cornelius's firearm case to the district court under Fed. R. Crim. P. 36 so that it can correct the judgment to state a prison sentence of twenty-four months.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**