[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10345
Non-Argument Calendar

_____

D. C. Docket No. 05-60159-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY ALLEN GERMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 29, 2006)

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Gary Allen German, with appointed counsel, appeals his conviction and

sentence for drug trafficking, 21 U.S.C. § 841. He challenges the district court's oral order forfeiting his interest in a Fort Lauderdale property on the grounds that the oral order conflicts with the written judgment. He also claims that his counsel had a conflict of interest and was thus ineffective. We find that the district court's oral decision is controlling and that German's interest in the property is therefore forfeited. Additionally, we find that German is barred from raising a claim based on counsel's alleged conflict on direct appeal and we thus affirm.

### *Background*

German was convicted of selling various amounts of cocaine both inside and outside his home in Fort Lauderdale, Florida ("the property"). The government initially sought to forfeit German's interest in the property. However, during the proceeding, the Federal Public Defender ("FPD") representing German also filed a motion related to protecting the interests of German's wife, Kathy German, in the property. Kathy German contended that she owned the property and that German had no interest in it.

At the change of plea hearing, German expressly agreed, among other things, to forfeit his interest in the property. Thereafter, the district court entered a preliminary order of forfeiture. Nevertheless, apparently accepting Kathy German's contentions, the government informed the district court that it would not

2

seek a final order of forfeiture. On this basis, the district court denied Kathy German's motion as moot.

At the sentencing hearing, however, the district court orally ordered German's interest in the property forfeited. Kathy German, still represented by the FPD, immediately filed a motion to stay or amend the judgment. The district court did not act on this motion, but the written judgment, entered shortly thereafter, did not mention the forfeiture. German, with newly appointed counsel, challenges district court order on the grounds that it conflicts with the court's written judgment and the government's decision not to pursue forfeiture. He further alleges that the FPD's interests were conflicted when he represented both German and his wife during the proceeding. German asks for an evidentiary hearing to establish prejudice.

### *Standard of Review*

German raised no objections regarding the forfeiture before the district court, and we thus review his claims for plain error. *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000). Plain error exists only where (1) there is an error; (2) the error is plain or obvious; and (3) the error affects the defendant's substantial rights. *United States v. Olano*, 507 U.S. 725, 732-34, 113 S. Ct. 1770, 1777-78, 123 L. Ed. 2d 508 (1993). When these conditions are met, we may then

3

exercise our discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 736, 113 S. Ct. at 1779. German bears the burden of persuasion as to this claim of plain error. *United States v. Chubbuck*, 252 F.3d 1300, 1302 (11th Cir. 2001).

### *Discussion*

As a general rule, "[w]hen a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs." *United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000). However, "[i]f the oral sentence is ambiguous, then, in an attempt to discern the intent of the district court at the time it imposed sentence, the reviewing court may consider extrinsic evidence, including the commitment order." *United States v. Khoury*, 901 F.2d 975, 977 (11th Cir. 1990). Here, German is essentially trying to avoid the affect of the district court's oral pronouncement. However, he does not expressly argue, and we do not find that the oral pronouncement was ambiguous. Accordingly, we will not consider the written judgment. As a mere conflict between oral and written sentences does not give rise to plain error, we find that the oral decision controls and we affirm.

German also challenges the forfeiture-sentence on the grounds that it is contrary to the government's decision not to pursue a final order of forfeiture.

4

Even if we were to accept German's contention that the district court's reference to forfeiture in the oral decision is erroneous, we would not find that *plain error* existed since German's rights have not been impaired. German never asserted before the district court that he had an interest in the property. Additionally, the government never sought a final order addressing third party interests, and thus Kathy German's interest in the property remains unaffected by the oral decision. Accordingly, we find no reversible error in the decision below.

German next argues that the FPD's interests were conflicted when he represented both Kathy German and himself during his criminal proceeding. As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations. *United States v. Griffin,* 699 F.2d 1102, 1107-09 (11th Cir. 1983). Such claims have been relegated to collateral attacks, and should be brought to the district court through 28 U.S.C. § 2255 motions. The Supreme Court has held that the correct procedure for appellate courts confronting these cases is to affirm the conviction and sentence without prejudice to a defendant's ability to raise the issue of a possible conflict of interest on collateral review. *Massaro v. United States*, 538 U.S. 500, 504-06, 123 S. Ct. 1690, 1694, 155 L. Ed. 2d 714 (2003). Accordingly, we affirm the decision

below.

**AFFIRMED**