[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13378
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 13, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00039-CR-ORL-31KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTIN FOSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 13, 2008)**

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Justin Foster appeals from his convictions for making false claims to a federal agency, in violation of 18 U.S.C. §§ 2, 287, and theft of government property, in violation of 18 U.S.C. §§ 2, 641. Foster argues that his convictions on

certain counts -- ones that the district court erroneously dismissed and then reinstated at the sentencing hearing -- should be reversed as violative of the Double Jeopardy Clause. After thorough review, we affirm.

We review Double Jeopardy challenges de novo. See United States v. Baptista-Rodriguez, 17 F.3d 1354, 1360 (11th Cir. 1994). The Double Jeopardy Clause provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause protects defendants in three situations: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. Jones v. Thomas, 491 U.S. 376, 380-81 (1989).

With regard to the first prong -- the only prong at issue here -- a defendant is acquitted only when "the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged[.]" United States v. Scott, 437 U.S. 82, 97 (1978) (quotations omitted and emphases added). An acquittal does not occur, however, when the court makes an error of law under certain circumstances. "[A] defendant has no legitimate claim to benefit from an error of law when that error could be corrected without subjecting him to a second trial before a second trier of fact."

2

United States v. Wilson, 420 U.S. 332, 345 (1975). For example, "the imposition of [a] sentence is [not] an 'implied acquittal' of any greater sentence," where the defendant "has not yet begun to serve that sentence." United States v. DiFrancesco, 449 U.S. 117, 133-34 (1980). Under these circumstances, "the district court's intention controls." United States v. Khoury, 901 F.2d 975, 978 (11th Cir. 1990) (quotations and emphases omitted). Further, pursuant to Federal Rule of Criminal Procedure 35(a), a district court, "[w]ithin 7 days after sentencing," may correct a sentence "that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).

On March 21, 2008, Foster pled guilty without the benefit of a plea agreement to a four-count indictment, and was adjudicated guilty on all four counts. During the sentencing hearing, held on June 9, 2008, the government mistakenly relied on a draft plea agreement that was never filed, and as a result, the district court labored under the mistaken belief that Foster only had pleaded guilty to some of the counts, and that the government was recommending dismissal of the ones remaining. The district court dismissed the counts in question before realizing its error, although it reinstated them before the sentencing hearing ended.

Foster does not argue that the district court's reinstatement of the dismissed counts constituted a second prosecution for the same offense after conviction, or

3

multiple punishments for the same offense, and he has not shown that this action constituted a second prosecution for the same offense after acquittal. First, the record demonstrates that the district court did not intend to acquit Foster or to resolve factual issues in his favor. Because the district court sentenced him on every count to which he had pleaded guilty before he was removed from its custody, the initial dismissal had no legal effect and did not amount to an acquittal. Second, if Foster's sentence had taken effect at the moment of the dismissal, the district court's failure to impose a sentence on all four counts would have constituted a sentencing error subject to modification under Fed. R. Crim. P. 35(a), not an acquittal. Accordingly, the Double Jeopardy Clause has not been violated, and we affirm Foster's convictions.

**AFFIRMED.**