[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11984
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 5, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 99-00073-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KERON MCCOVERY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(February 5, 2009)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Keron McCovery, a federal prisoner convicted of a crack cocaine offense,

appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on an amendment to the Sentencing Guidelines that lowered the base offense levels applicable to crack cocaine. The district court denied McCovery's § 3582(c)(2) motion because it found that the crack cocaine amendments did not lower McCovery's sentence range based on the calculations contained in the written judgment entered subsequent to the imposition of sentence at the sentencing hearing. The issue on appeal is whether the district court abused its discretion in denying McCovery's § 3582(c)(2) motion by recalculating his amended Guidelines sentence range using the calculations from the written judgment rather than the calculations stated during the sentencing hearing.

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003).

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, where a defendant has been sentenced pursuant to a sentencing range

> that has subsequently been lowered by the Sentencing
> Commission . . . the court may reduce the term of imprisonment, after
> considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent
> that they are applicable, if such a reduction is consistent with

2

applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The Sentencing Commission's policy statements for reducing a term of imprisonment under 18 U.S.C. § 3582(c)(2) are located in U.S.C.G. § 1B1.10. The policy statements indicate that a sentence reduction is not authorized under § 3582(c)(2) if a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.C.G. § 1B1.10(a)(2)(B) (2008).

A district court must engage in a two-part analysis when determining whether to reduce a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2). United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). The court must: (1) recalculate the sentence under the amended guidelines, and (2) decide, in its discretion, whether it will choose to impose a new sentence or retain the original sentence in light of the 18 U.S.C. § 3553(a) factors. Id. at 780-81. When the court recalculates a sentence, it first determines "a new base [offense] level by substituting the amended guideline range for the originally applied guideline range, and then using that new base [offense] level to determine what ultimate sentence it would have imposed." Id. at 780.

"Where there is a discrepancy between the orally imposed sentence and the written order of judgment and committal, the oral sentence controls." United

States v. Khoury, 901 F.2d 975, 977 (11th Cir. 1990). "If the oral sentence is ambiguous, then, in an attempt to discern the intent of the district court at the time it imposed sentence, the reviewing court may consider extrinsic evidence, including the commitment order." Id.

In this case, there is an alleged discrepancy between the sentence handed down orally at the sentencing hearing and the written judgment in terms of McCovery's criminal history category and base offense level. We hold that the district court abused its discretion in denying McCovery's § 3582(c)(2) motion because the court used the incorrect "originally applied guideline range" to determine McCovery's amended guideline range. See Bravo, 203 F.3d at 780. After reviewing the sentencing transcript, we conclude that the court's oral sentence unambiguously changed McCovery's criminal history category to a I, but left McCovery's base offense level at 38. See Khoury, 901 F.2d at 977. Accordingly, we vacate the district court's order and remand for a recalculation of the amended sentence range consistent with this opinion. See Bravo, 203 F.3d at 780-81.

VACATED AND REMANDED.