[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2012
JOHN LEY
CLERK

_____

No. 11-11466
Non-Argument Calendar

_____

D.C. Docket No. 3:96-cr-00008-HL-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUCIOUS BOSWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 17, 2012)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Lucious Boswell, a federal prisoner convicted on one count of conspiracy to possess with intent to distribute cocaine base and two counts of aiding and

abetting the possession with intent to distribute cocaine base, appeals the denial of his Fed.R.Crim.P. 36 motion to correct clerical errors in his judgment. On appeal, Boswell argues that the district court erred in denying the two claims presented by his motion: (1) that his written judgment of sentence must be altered, as it sentenced him to life and 2 concurrent 40-year terms of imprisonment, whereas the court's oral pronouncement of sentence was for a single life term; and (2) that in signing the written order outside of his presence, the district court denied him his rights to be present and to allocute at sentencing. We conclude that the district court properly denied the motion and accordingly we affirm its judgment.[1]

## I.

We review *de novo* the district court's application of Rule 36 to correct its judgment at sentencing. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004). Rule 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed.R.Crim.P. 36. However, Rule 36 "cannot be used . . . to make a substantive alteration to a criminal sentence."

---

[1] Although the district court found that the denial of a previous motion to correct Boswell's sentence removed its jurisdiction to hear the matter again, under the law of the case doctrine, such a ruling was erroneous. The previous denial was on jurisdictional grounds, and only findings of fact and conclusions of law become law of the case. *See Wheeler v. City of Pleasant Grove*, 746 F.2d 1437, 1440 (11th Cir. 1984). Nevertheless, the district court still examined both of Boswell's claims on the merits and properly denied them.

*United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003).

Where the oral pronouncement of sentence and the written order of judgment conflict, the oral pronouncement controls if unambiguous. *United States v. Ridgeway*, 319 F.3d 1313, 1315 (11th Cir. 2003). However, if the oral sentence is ambiguous, we may consider extrinsic evidence, including the written commitment order, to determine the intent of the district court at the time that it imposed sentence. *United States v. Khoury*, 901 F.2d 975, 977 (11th Cir. 1990). The district court is "master of a sentence," and its intention controls. *Id.* at 978.

A *de novo* review of the record shows that the district court properly denied Boswell's Rule 36 motion. Boswell's three sentences were not a clerical error or oversight, and were proper, given that he was convicted on three charges. Thus, the relief that he requested would constitute a substantive alteration to his criminal sentence, and Rule 36 is not a proper ground for such relief. Even if relief were proper, Boswell would not merit an alteration in this case. The court's oral pronouncement of his sentence was ambiguous, because the single life sentence conflicted with his three counts of conviction and the court's statement that the Presentence Investigation Report had properly calculated the correct sentencing ranges, and extrinsic evidence shows that the written judgment reflects the district court's true intent and sentencing, and that intent controls.

3

II.

"Allocution is the right of the defendant to make a final plea on his own behalf to the sentencer before the imposition of sentence." *United States v. Prouty*, 303 F.3d 1249, 1251 (11th Cir. 2002). At sentencing, the district court must personally address the defendant in order to permit the defendant to speak or present any information in mitigation of the sentence. Fed.R.Crim.P. 32(i)(4)(A)(ii).

In the majority of cases, the defendant's presence is required at sentencing. Fed.R.Crim.P. 43(a)(3). Rule 43 has been interpreted to require only that "the defendant be present when sentence is announced by the court." *Henley v. Heritage*, 337 F.2d 847, 848 (5th Cir. 1964). In addition, a defendant has a due process right "to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S.Ct. 2658, 2667 (1987). This is so that the defendant may have a full opportunity to defend himself, and, thus, the right to be present is "not guaranteed when presence would be useless, or the benefit but a shadow. *Id.* (quotation omitted).

Here, the district court did not deny Boswell's rights. The right to be present at sentencing and to allocute apply at sentencing, and Boswell was present

4

and allowed to allocute at his sentencing hearing. There is no support for the proposition that either of those rights attaches again at the time when a judge signs the written judgment. As such, the district court properly denied Boswell's second claim. Accordingly, we affirm.

**AFFIRMED.**