[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15995
Non-Argument Calendar
_____

D.C. Docket No. 0:02-cr-60200-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR G. BAXTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 3, 2017)

Before JULIE CARNES, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Victor Baxter appeals from the district court's grant of the government's motion to apply funds from his Bureau of Prisons ("BOP") trust account toward the outstanding amount of his criminal fine judgment, which was imposed as a part of his total sentence for distributing cocaine and crack cocaine, maintaining a place for the purpose of distributing crack cocaine, possession of a firearm by a felon, and possession of a firearm in furtherance of a drug trafficking crime.  On appeal, he argues that the court erred in granting the government's motion, because he was paying his fine according to an established payment schedule, and that it was incorrect for the court to allow the government to seize money from his BOP trust account when he had not defaulted on his scheduled payments.

Under 18 U.S.C. § 3613(a), "a judgment imposing a fine may be enforced against all property or right to property of the person fined," unless excepted by statute.  18 U.S.C. § 3613(a).  Subsection (c) of § 3613 provides that a fine "is a lien in favor of the United States on all property of the person," and "[t]he lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or terminated under subsection (b)." 18 U.S.C. § 3613(c).  Moreover, "a person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments."  18 U.S.C.    § 3572(d)(1)

2

When a district court orders a defendant to pay restitution in excess of $2,500, the obligation that he pay interest is triggered by statute. *See* 18 U.S.C. § 3612(f)(1) ("The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment."). There is no requirement that the judgment form express the default requirement that the defendant pay interest on the restitution ordered. *See id.* § 3612(b)(1).

Importantly, 18 U.S.C. § 3664, which provides the procedures for issuing and enforcing restitution orders, states that "[i]f a person obligated to provide restitution, *or pay a fine*, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n) (emphasis added).

Where there is any discrepancy between the orally imposed sentence and the written order of judgment, the oral sentence controls. *United States v. Khoury*, 907 F.2d 975, 977 (11th Cir. 1990).

Here, the district court did not err in granting the government's motion to apply funds from Baxter's BOP trust account to his outstanding criminal judgment fine balance. Baxter admitted in the district court that he received the money in his BOP trust account after his mother died, and 18 U.S.C. § 3664(n) expressly

3

provides that when an incarcerated person receives money as an inheritance, that money "shall be required to apply" to any fine still owed.  18 U.S.C. § 3664(n).

Further, Baxter's argument against paying interest on his criminal judgment fine fails.  There is a statutory requirement that interest attach to any fine over $2,500 that is not paid within 15 days from the entry of judgment.  *See* 18 U.S.C. § 3612(f)(1).  The district court fined Baxter $10,000, and Baxter did not pay the full amount within 15 days from the entry of judgment. To the extent that Baxter argues that his fine was not payable immediately because the written judgment made reference to a payment schedule, and because he had reached a payment schedule agreement with the BOP, that argument is misplaced, because an oral pronouncement of sentence always controls.  *See Khoury*, 907 F.2d at 977.  The district court clearly stated that the fine was "payable immediately."  While Baxter correctly asserts that he had not defaulted as to his fine payments as scheduled with the BOP, his total sentence nonetheless required that he pay the sum immediately, if and when that was possible.  Based on these considerations, we affirm.

**AFFIRMED.**