[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17043
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cr-00003-LJA-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THADDEUS LAVETTE BONDS,
a.k.a. Stupid,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 16, 2018)

Before WILLIAM PRYOR, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Thaddeus Bonds appeals his sentence of 168 months of imprisonment and his conviction that was entered on his plea of guilty to conspiring to possess with intent to distribute cocaine. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846. Bonds challenges the enhancement of his sentence for his leadership role and the reasonableness of his sentence, but we dismissed those issues in an earlier order based on the appeal waiver in Bonds's plea agreement. Bonds also challenges the denial of his *pro se* motion for a new trial, in which he argued that his plea of guilty was not knowingly and voluntarily entered and that his trial counsel was ineffective. We affirm.

We review the denial of a motion for a new trial for abuse of discretion. *United States v. Hernandez*, 433 F.3d 1328, 1332 (11th Cir. 2005). "The abuse of discretion review requires us to affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (internal quotation marks and citation omitted).

The district court did not abuse its discretion when it denied Bonds's motion as an "[im]proper vehicle . . . to challenge his guilty plea." Rule 33 provides that a district court "may vacate any judgment and grant a new trial if the interest of justice so requires," and if the case is tried without a jury, to "take additional testimony and enter a new judgment." Fed. R. Crim. P. 33(a). By its terms, Rule 33

applies only when the defendant has gone to trial. Bonds could not use Rule 33 to challenge his guilty plea. *See United States v. Prince*, 533 F.2d 205, 208 (5th Cir. 1976). Even if construed as a motion to withdraw the plea, Bonds's motion failed because, as the district court stated, "it was filed post-sentencing." *See* Fed. R. Crim. P. 11(d) (stating that a motion to withdraw must be filed "before [the district court] imposes sentence"). And the district court correctly refused to treat Bonds's motion as seeking to vacate his sentence, 28 U.S.C. § 2255, because he could "not seek collateral relief while his direct appeal [was] pending." *See United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990).

Bonds acknowledges that his claim of ineffective assistance of counsel is not ripe for review. As Bonds states, "the record below did not develop a challenge pertaining to trial counsel's ineffectiveness." Bonds can raise any challenges to trial counsel's representation in a postconviction motion. *See* 28 U.S.C. § 2255.

We **AFFIRM** Bonds's conviction.

3