[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-13701
Non-Argument Calendar

————————————————

D.C. Docket No. 3:06-cr-00442-LC-EMT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENNIE L. GILES,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————————

(September 4, 2020)

Before WILLIAM PRYOR, Chief Judge, BRANCH and LAGOA, Circuit Judges.

PER CURIAM:

Bennie Giles, a federal prisoner, appeals *pro se* an order enforcing a

judgment of restitution entered in his criminal case. The order instructed the

Bureau of Prisons to remit the $6,954.67 in Giles's inmate account to reduce the $9,244.35 that he owed in restitution. We affirm.

In 2007, Giles pleaded guilty to three counts of carjacking, 18 U.S.C. §§ 2119, 2, four counts of using a firearm during a crime of violence, *id.* §§ 924(c)(1), 2, two counts of robbery, *id.* §§ 1951, 2, and one count of using a firearm during the carjacking, *id.* §§ 924(c)(1)(A)(ii)-(iii), 2. The district court sentenced Giles to 720 months of imprisonment and ordered him to pay restitution of $9,769.35 "immediately." The district court did not impose a fine because Giles's presentence investigation report stated that he was unemployed and insolvent. Giles's written judgment instructed Giles to pay restitution through the Inmate Financial Responsibility Program and to report any material changes in his finances, *id.* § 3664(k).

In 2019, the government moved for an order directing the Bureau to remit the substantial amount of cash in Giles's inmate account to reduce his outstanding court-ordered restitution. The district court granted the motion and issued an order to the Bureau. Later, Giles opposed the motion, but the district court overruled Giles's objection. Giles also moved for relief from the order remitting the funds, *see* Fed. R. Civ. P. 60(b), but the district court denied Giles's motion.

The district court committed no error in ordering the Bureau to remit all the money in Giles's account to reduce the balance he owed for restitution. A lien in

favor of the United States "ar[ose] on the entry of judgment" of restitution in 2007, *see* 18 U.S.C. § 3613(c), and could be "enforced against all [Giles's] property and [his] rights to property," *see id.* § 3613(a). Giles was required to pay restitution immediately, *see id.* § 3572(d)(1), but he was permitted to make $25 payments quarterly through the inmate responsibility program. Over time, the accumulation of cash in Giles's inmate account constituted a "material change" in his ability to pay that he was obliged to report to, yet withheld from, the district court. *See id.* § 3572(d)(3). Because Giles was "obligated to provide restitution, . . . [when he] receive[d] substantial resources from any source, . . . during [his] period of incarceration, [he was] required to apply the value of such resources to any restitution . . . still owed." *See id.* § 3664(n).

Giles challenges the validity of the order on three grounds, all of which lack merit. First, Giles argues that his written judgment required him to participate in the inmate responsibility program, but because the district court ordered Giles at sentencing to pay immediately, "the oral sentence controls," *United States v. Khoury*, 901 F.2d 975, 977 (11th Cir. 1990). Second, Giles argues that the appropriation of substantial resources allowed under section 3663(n) does not apply to a gradual accumulation of money from family, friends, and prison wages, but the government is permitted to use all "available and reasonable means," 18 U.S.C. § 3664(m)(1)(A), to enforce the "right [of victims] to full and timely

3

restitution as provided by law," *id.* § 3771(a)(6). Third, Giles argues that the funds in his inmate account are exempt from levy because they are used to purchase "wearing apparel" and personal "provisions," but the exemption applies to "property exempt from levy for taxes," not cash. *See id.* § 3613(a); 26 U.S.C. § 6334(a)(1)-(2), In any event, the depletion of Giles's inmate trust account does not deprive him of basic necessities; the Bureau is obligated to provide for his needs, including shelter, food, and clothing.

We **AFFIRM** the order enforcing Giles's order of restitution.