[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12101

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 6:20-cr-00001-RSB-CLR-17

_____

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges

PER CURIAM:

Terry Williams appeals the district court's imposition of consecutive terms of supervised release following his 161-month term of imprisonment. The parties agree that the district court's oral pronouncement of supervised release was ambiguous and that extrinsic evidence supports the conclusion that the district court intended to impose a total of three years' supervised release—three years for Count 43 and one year for Count 47, to be served *concurrently*—but misspoke and seemingly imposed *consecutive* terms of supervised release at the sentencing hearing. After careful review, we affirm Williams's written judgment of *concurrent* terms of supervised release following his imprisonment.

The general rule is that, when the oral pronouncement of a sentence and the written judgment unambiguously conflict, the oral pronouncement controls. *United States v. Joseph*, 743 F.3d 1350, 1353, 1356 (11th Cir. 2014). But "[i]f the oral sentence is ambiguous, then, in an attempt to discern the intent of the district court at the time it imposed sentence, [we] may consider extrinsic evidence, including the commitment order." *United States v. Khoury*, 901 F.2d 975, 977 (11th Cir. 1990).

Here, the parties correctly assert that the district court's oral pronouncement of supervised release at Williams's sentencing

hearing was ambiguous and that the record supports that the court intended to impose a total of three years' supervised release.

Even without this intent, however, we would affirm the written judgment. We have recognized "a longstanding exception" to the general rule—that the oral pronouncement controls—for "when an oral pronouncement is contrary to law." *Joseph*, 743 F.3d at 1353. When the oral pronouncement is contrary to law, we will affirm the written judgment if the written judgment is not contrary to law. *See id.* at 1356.

Under 18 U.S.C. § 3624, a defendant's "term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal . . . term of . . . supervised release . . . for another offense to which the person is subject." 18 U.S.C. § 3624(e).

If the intent of the oral sentencing was for consecutive terms of supervised release, then this case clearly falls within the exception that we acknowledged in *Joseph*. The district court's oral pronouncement of consecutive terms of supervised release would be contrary to law because it would violate 18 U.S.C. § 3624(e), and therefore, it does not control here.

Accordingly, we affirm Williams's written judgment of concurrent terms of supervised release following his imprisonment.

**AFFIRMED**.