[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15785
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-80092-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM M. KIRSCHNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 8, 2010)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

William M. Kischner appeals his 120-month sentence, imposed upon his

pleading guilty to mail fraud, in violation of 18 U.S.C. §§ 1341 and 2.  On appeal, Kirschner argues that the district court erred by departing upward without proper notice pursuant to Federal Rule of Criminal Procedure 32(h), by imposing an upward departure for extreme conduct pursuant to United States Sentencing Guidelines § 5K2.8 (Nov. 2008), and by imposing a procedurally and substantively unreasonable sentence.  Upon review of the parties' briefs and the record, we conclude that the sentence imposed by the district court does not satisfy the standard for procedural reasonableness set out by the Supreme Court in Gall v. United States, 552 U.S. 38, 128 S. Ct. 586 (2007).  As a result, we vacate Kirschner's sentence and remand the case to the district court for further review and resentencing.

I.

The government filed an information charging Kirschner with one count of mail fraud in violation of 18 U.S.C. §§ 1341 and 2 in connection with a ponzi scheme he operated between November 2006 and May 2009.  The victims of the scheme were primarily friends of Kirschner.  Kirschner entered into a written plea agreement with the government, in which both Kirschner and the government agreed to recommend a guideline sentence and not to seek either an upward or a downward departure.  The presentence investigation report ("PSR") provided a

2

guideline sentencing range of 63 to 78 months imprisonment. The statutory maximum for the offense is 20 years imprisonment. Kirschner had a prior federal conviction for mail fraud, arising from unrelated conduct in the 1990s.

At the beginning of the sentencing proceeding, the district court considered Kirschner's two unresolved objections to the PSR, both of which related to the guideline calculation. The district court overruled both objections, but did not calculate or discuss the guideline range during the sentencing hearing. After the court overruled Kirschner's objections to the PSR, the government requested a sentence at the high end of the guideline range. The court asked the government what additional factors or circumstances would be required in order to warrant the maximum sentence of 20 years. The government responded that it had agreed in the plea agreement to recommend a within guidelines sentence. The court observed that many of Kirschner's victims lost "all they had" as a result of the fraud, and noted that it had not received any letters in support of Kirschner. Rather, every letter the court received, including one from Kirschner's sister, asked the court to sentence Kirschner to the statutory maximum.

Kirschner argued for a lesser sentence, pointing out that he went voluntarily to the FBI to accept responsibility, and that he avoided the expenditure of judicial resources by agreeing to an information and by pleading guilty. He also asked the

3

court to consider that he was 63 years old.

In delivering the sentence, the court stated the following:

I think this whole situation is shocking.  I mean, I don't get shocked very easily because I see a lot [of] crime, but this is just beyond belief. This is incredible that somebody would use his friends, his relatives and just take their money with no intention that they would ever get anything back, and these were not people who could afford to lose this kind of money.

And to have all the things going for him that he did, an education, college education, law degree, I'm just amazed by this. Now I asked The Government what could make it worse for congress to say some of this conduct is worth twenty years, and I guess more victims and more money, and perhaps that would have happened if he didn't get caught sooner.

But I am going to depart upward.  I'm not going to go all of the way but I'll go halfway and that will mean ten years, so that will be the sentence.  The Court has considered the statements of all parties, the pre-sentence report which contains the advisory guidelines, the statutory factors.

Aside from this last statement, the court made no other mention of the statutory factors set out in 18 U.S.C. § 3553(a).  The day after the sentencing hearing, the district court completed a written Statement of Reasons explaining the sentence imposed.[1]  In this Statement, the court noted that it had adopted the PSR and that the guideline range, before departures, was 63 to 78 months.  The court also indicated that it had imposed a departure pursuant to U.S.S.G. § 5K2.8 for extreme conduct.

---

[1]This Statement of Reasons is not part of the record on appeal.  Rather, it is included as an attachment to Kirschner's brief.  However, the government has acknowledged its authenticity.

4

II.

"We review sentencing decisions only for abuse of discretion, and we use a two-step process." United States v. Shaw, 560 F.3d 1230, 1239 (11th Cir. 2009). As explained by the Supreme Court in Gall v. United States, we

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

552 U.S. at 51, 128 S. Ct. at 597. If we conclude "that the district court's sentencing decision is procedurally sound," we then proceed to the second step of the process and "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.

Kirschner's first two arguments that the sentencing was procedurally unreasonable turn on whether the district court departed from, instead of varying from, the advisory guideline range. First, Kirschner argues that the district court erred in imposing an upward departure from the guideline range without having provided notice pursuant to Federal Rule of Criminal Procedure 32(h), which states:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or

5

in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Second, Kirschner argues that, the lack of notice aside, the district court erred by imposing an upward departure pursuant to U.S.S.G. § 5K2.8, which states:

> If the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase the sentence above the guideline range to reflect the nature of the conduct. Examples of extreme conduct include torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation.

In response, the government argues that notice was not required because the district court applied a variance instead of a departure, and alternatively that any error was harmless because the district court had sufficient reason to depart upwards based on extreme conduct.

In Irizarry v. United States, the Supreme Court held that the notice requirement of Rule 32(h) applied only to departures, and not to variances. 553 U.S. 708, ----, 128 S. Ct. 2198, 2203–04 (2008).

> In determining whether the district court applied an upward departure under the Guidelines or a variance under the 18 U.S.C. § 3553(a) factors, we consider whether the district court cited to a specific guideline departure provision and if the court's rationale was based on its determination that the Guidelines were inadequate.

United States v. Kapordelis, 569 F.3d 1291, 1316 (11th Cir. 2009). In this case, the district court expressly stated that it was "going to depart upward," but

6

identified no specific guideline departure provision during the sentencing hearing. Nor did the district court make clear that the deviation was based on a determination that the guidelines were inadequate. Further complicating matters, the district court later indicated on the written Statement of Reasons that it was departing pursuant to U.S.S.G. § 5K2.8 for extreme conduct. But see United States v. Khoury, 901 F.2d 975, 977 (11th Cir. 1990) ("Where there is a discrepancy between the orally imposed sentence and the written order of judgment and committal, the oral sentence controls.").

The government contends that the sentence imposed a variance because the district court grounded the decision in findings relevant to the § 3553(a) factors.[2]

---

[2] 18 U.S.C. § 3553(a) states:
The court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
  (2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available;
  (4) the kinds of sentence and the sentencing range established for [by the advisory guidelines] . . .
  (5) any pertinent policy statement . . .
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

The district court's discussion of Kirschner's educational and criminal background, his relationship with the victims, and the impact on those victims certainly touches on the first of the § 3553(a) factors—"the nature and circumstances of the offense and the history and characteristics of the defendant." But district courts are required, under Gall, to consider the § 3553(a) factors in every sentence, including those within the advisory guidelines. 552 U.S. at 49–50, 128 S. Ct. at 596–97. Here, as explained below, the district court's discussion of those facts bearing on the first of the § 3553(a) factors does not provide a sufficient basis for this Court to conclude that the district court adequately considered all of the § 3553(a) factors.

In short, the record permits a great deal of confusion, and the sentence could plausibly be construed as applying either a departure or a variance. However, we need not conclusively determine whether the district court's deviation from the sentencing guideline range was a departure or a variance.

> Where a Guidelines departure provision has been erroneously applied, the resulting sentence may still be procedurally reasonable if the district court has adequately explained it by reference to the 18 U.S.C. § 3553(a) factors. In such a case, the sentence would be unreasonable as a departure but reasonable as a variance from the advisory Guidelines range.

United States v. O'Georgia, 569 F.3d 281, 296 (6th Cir. 2009); see also United States v. Livesay, 525 F.3d 1081, 1092 (11th Cir. 2008) (reasoning that where the district court would have imposed the same sentence upon remand for procedural

8

error in applying a departure, the sentence should be considered alternatively as resulting from a variance). In this case, however, we conclude that Kirschner's sentencing was procedurally unreasonable, regardless of whether the district court applied a departure or a variance.

III.

Since the Supreme Court rendered the sentencing guidelines advisory in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), district courts must use a two-step process at sentencing: "First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines. Second, the district court must consider [the § 3553(a)] factors to determine a reasonable sentence." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (citation omitted); see also Gall, 552 U.S. at 49–50, 128 S. Ct. at 596–97. In this case, the district court failed to satisfy either step of this two-step process.

First, the district court erred by not calculating the guideline range. While the guidelines are advisory, the Supreme Court has repeatedly explained that "a district court should begin *all* sentencing proceedings by calculating the applicable Guidelines range." Gall, 552 U.S. at 49, 128 S. Ct. at 596 (emphasis added); see also Kimbrough v. United States, 552 U.S. 85, 108, 128 S. Ct. 558, 574 (2007); Rita v. United States, 551 U.S. 338, 351, 127 S. Ct. 2456, 2465 (2007). "As a

9

matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall, 552 U.S. at 49, 128 S. Ct. at 596. Additionally, "not only must the district courts 'consult th[e] Guidelines and take them into account when sentencing,' they must properly calculate the Guidelines range *and* 'includ[e] an explanation for any deviation from the Guidelines range.'" United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008) (alterations in original) (quoting Booker, 543 U.S. at 264, 125 S. Ct. at 767; Gall, 552 U.S. at 51, 128 S. Ct. at 597).

The requirement that the sentencing proceeding begin with the guideline calculation applies regardless of whether the district court ultimately imposes a sentence based on the guideline calculation. See United States v. Barner, 572 F.3d 1239, 1248 (11th Cir. 2009). Where the district court states that it would impose the same sentence regardless of the guideline range, a calculation error may be considered harmless. Id. Where the district court fails to calculate or consider the guideline range at all, however, the error cannot be rendered harmless. See 18 U.S.C. § 3553(a)(4) (requiring district courts to consider the applicable guideline range). Further, proper calculation of the guideline range reflects an important way that district courts comply with the requirement that they consider "the need to avoid unwarranted sentence disparities among defendants with similar records who

10

have been found guilty of similar conduct." Id. § 3553(a)(6).

Second, the district court erred by not adequately explaining the deviation from the guideline range in reference to the § 3553(a) factors. "Gall makes clear that the district court is obliged to 'consider *all* of the § 3553(a) factors to determine whether they support the sentence requested by a party.'" Pugh, 515 F.3d at 1191 (quoting Gall, 552 U.S. at 49–50, 128 S. Ct. at 596). Further, in addition to considering each of the § 3553(a) factors, the sentencing judge "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 552 U.S. at 50, 128 S. Ct. at 597. We do nothing here to change the precept that the district court is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Here, however, the district court made no mention of any particular statutory factor, and did not implicitly address the factors, other than through its discussion of Kirschner's background, his relationship to the victims, and the impact on the victims, which undoubtedly touches on "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

District courts retain considerable discretion in sentencing, because the

11

"sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case." Gall, 522 U.S. at 51, 128 S. Ct. at 597 (internal quotation marks omitted). But the district court must provide an adequate explanation of the sentence, including an explanation of any deviation from the guideline range, to allow this Court to conduct meaningful appellate review. See, e.g., Livesay, 525 F.3d at 1093–94 (holding that the district court committed reversible procedural error by failing to explain its deviation from the guideline range where the district court listed several § 3553(a) factors, but "gave no reasoning or indication of what facts justified such a significant variance from the advisory Guidelines range under its alternative sentence"). In this case, the district court has not provided an adequate explanation of its significant deviation from the guideline range.

## IV.

Accordingly, we VACATE Kirschner's sentence and REMAND the case to the district court for resentencing in a manner consistent with this opinion.