[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12231
Non-Argument Calendar
_____

D.C. Docket No. 5:91-cr-00010-CAR-CHW-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY BERNARD BARKLEY,
a.k.a. J.B.,

Defendant-Appellant.


_____

No. 14-12255
Non-Argument Calendar
_____

D.C. Docket No.  5:91-cr-00010-CAR-CHW-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY BERNARD BARKLEY,
a.k.a. J.B.,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Georgia
_____

(June 23, 2015)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Jimmy Barkley, a federal prisoner proceeding pro se, appeals the district

court's denial of his motions for a sentence reduction, based on Amendments 591,

706, 711, and 750 to the Sentencing Guidelines.  After review, we affirm.

## I.  BACKGROUND FACTS

### A.    1991 Conviction and 1992 Sentences

In 1991, after a jury trial, Barkley was convicted of conspiring to possess

cocaine base using individuals under the age of 18, in violation of 21 U.S.C.

§§ 845b and 846 (Count 1); possessing with intent to distribute cocaine base, in

violation of 21 U.S.C. § 841(a)(1) (Count 2); and using a firearm in relation to a

drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 3).

2

Barkley's presentence investigation report ("PSI") grouped Counts 1 and 2, pursuant to U.S.S.G. § 3D1.2(b).  Count 3, the firearm offense, required a consecutive five-year sentence to any sentence imposed on Counts 1 and 2.  The PSI initially determined that the total offense level for Counts 1 and 2 was 35 based on the drug quantity involved and increased by one additional offense level for the use of minors.  See U.S.S.G. § 2D1.2(a)(2) (1991) (setting the offense level for drug offenses involving minors as the offense level from the Drug Quantity Table in § 2D1.1 plus one offense level).  The PSI calculated 12 criminal history points, which resulted in a criminal history category of V.  See U.S.S.G. ch. 5, pt. A (Sentencing Table) (1991).

However, because Barkley qualified as a career offender pursuant to U.S.S.G. § 4B1.1, the PSI assigned Barkley a total offense level of 37, which was greater than the offense level of 35 under § 2D1.2(a)(2).  See U.S.S.G. § 4B1.1(A) (1991) (providing for an offense level of 37 for offenses with a statutory maximum of life if it is greater than the otherwise applicable offense level).  Based on Barkley's career-offender status, the PSI also assigned a criminal history category of VI.  Id. (providing for a criminal history category of VI in every case) Thus,

3

based on Barkley's career-offender status, the PSI stated that Barkley's guidelines range was 360 months to life in prison. [1]

Barkley objected to the PSI's recitation of the offense conduct (paragraphs 9 through 25), maintaining that he had "no involvement" in the charged offenses, and objected to the PSI's drug quantity amount (paragraph 37) used to determine his base offense level under § 2D1.1's Drug Quantity Table.  Barkley did not object to his designation as a career offender or to his offense level and guidelines range as calculated under § 4B1.1 (paragraphs 65, 66 and 72).

At his April 1992 sentencing, Barkley advised the district court that the PSI Addendum correctly noted his objections, and he continued to deny his involvement in the charged offenses.  Barkley also asked for the "minimum sentence," pointing out that he had arrived in the Macon area only in the final weeks of the charged conspiracy and was not a ringleader.

Without explicitly ruling on Barkley's factual objections, adopting the PSI, or calculating the applicable guidelines range, the district court imposed concurrent life sentences on Counts 1 and 2, followed by the mandatory, consecutive five-year sentence on Count 3.  The district court explained, however, that it was "sentencing [Barkley] to the top of the guidelines" because of "the magnitude of

---

[1] If the career offender provision had not applied, Barkley's initial offense level of 35 and criminal history category of V would have yielded a guidelines range of 262 to 327 months in prison.  See U.S.S.G. ch. 5, pt. A (Sentencing Table) (1991).

the crime that [Barkley was] involved in and the role that [Barkley] played." The district court asked for objections to "anything that the Court has done in the way of sentencing," and there were none.

Shortly thereafter, the district court entered a judgment consistent with its oral pronouncement. In its statement of reasons, the district court stated that it adopted the PSI's factual findings and guidelines calculations, and found that the total offense level was 37, the criminal history category was VI, and the guidelines range was 360 months to life in prison, plus 60 consecutive months for Count 3. The district court further indicated that it had imposed a sentence within the guidelines range "based on the seriousness of the offense and prior criminal conduct." This Court affirmed Barkley's convictions and sentences on appeal.

## B.    Section 3582(c)(2) Motions in 2011

In 2011, Barkley filed a pro se 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 706, as amended by Amendment 711, which lowered the offense levels for cocaine base offenses in § 2D1.1's Drug Quantity Table.[2] Barkley's § 3582(c)(2) motion also relied on Amendment 591, which clarified that the enhanced penalties for drug offenses involving minors applied only where the offense of conviction (rather than uncharged relevant conduct) is

---

[2]Specifically, Amendment 706 lowered the base offense level for most cocaine base offenses by two levels, and Amendment 711 altered the method for determining drug quantity outlined in Amendment 706 when multiple drugs were involved. See U.S.S.G. app. C. amends. 706, 711.

referenced in § 2D1.2.  See United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005); U.S.S.G. app. C, amend. 591.

The district court denied Barkley's § 3582(c)(2) motion, concluding that he was ineligible for a sentence reduction because "[i]t has been previously determined that [Barkley] is a Career Offender pursuant to USSG § 4B1.1." Barkley filed a pro se motion for reconsideration, arguing that the district court never found that he was a career offender.  While his motion for reconsideration was pending, Barkley filed a second pro se § 3582(c)(2) motion, this time citing Amendment 750, which changed the base offense levels for cocaine base offenses in the Drug Quantity Table to conform to the Fair Sentencing Act of 2010.  See U.S.S.G. app. C., amend. 750.  Then, Barkley filed an amended, counseled § 3582(c)(2) motion that argued, inter alia, that it was not possible to determine from the record whether Barkley was sentenced as a career offender, and thus he was eligible for a sentence reduction.[3]

In May 2014, the district court denied Barkley's motion for reconsideration of his first, pro se § 3582(c)(2) motion.  The district court concluded that there was "ample evidence in the record" that Barkley was sentenced as a career offender. The district court recounted that the sentencing court sentenced Barkley within the career offender guidelines range as calculated in the PSI and adopted that range in

---

[3]Amendments 591, 706, and 750 are all retroactively applicable and may be enforced through a § 3582(c)(2) motion.  See U.S.S.G. § 1B1.10(c), (d).

its Statement of Reasons in the written judgment.  In a separate order, the district court denied Barkley's second, counseled § 3582(c)(2) motion, again finding that Barkley was not entitled to a sentence reduction because the record was clear that Barkley was sentenced as a career offender.

## II.  DISCUSSION

Under § 3582(c)(2), the district court has the authority to reduce a defendant's prison sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)."  18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1).  If, however, the defendant's sentencing range is not lowered by the retroactively applicable guideline amendment, the district court has no authority to reduce the defendant's sentence.  United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); U.S.S.G. § 1B1.10(a)(2)(B).  The Guidelines commentary explains that a reduction under § 3582(c)(2) is not authorized where "an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision . . . ."  U.S.S.G. § 1B1.10 cmt. n.1(A).  For this reason, defendants who were convicted of cocaine base offenses but sentenced as career offenders are not eligible for § 3582(c)(2) relief based on amendments to U.S.S.G. § 2D1.1's Drug Quantity Table because these defendants' "sentences

7

were based on the guideline ranges applicable to career offenders under § 4B1.1"

and their "base offense levels under § 2D1.1 played no role in the calculation of

these ranges." Moore, 541 F.3d at 1327 (involving a § 3582(c)(2) motion based on

Amendment 706).[4]

Here, Barkley is not eligible for a § 3582(c)(2) sentence reduction based on

Amendments 591, 706, and 750.  Even assuming arguendo that the district court's

oral pronouncement of Barkley's sentence, standing alone, was ambiguous, other

evidence in the record makes clear that the district court sentenced Barkley as a

career offender.  See United States v. Khoury, 901 F.2d 975, 977 (11th Cir. 1990)

(explaining that where the district court's oral pronouncement of the sentence is

ambiguous, the reviewing court may consider extrinsic evidence, including the

commitment order, to discern the district court's intent).  Specifically, the district

court stated at sentencing that it was imposing life sentences at "the top of the

guidelines," and the guidelines range calculated in the PSI pursuant to § 4B1.1's

career offender provision was 360 months to life imprisonment.  Further, the

district court's Statement of Reasons in the written judgment stated that the district

court had adopted the PSI and then calculated the guidelines range in accordance

with career offender provision, finding a base offense level of 37 and a criminal

---

[4]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008).

history category of VI.  We readily conclude that the district court's intent was to sentence Barkley as a career offender.[5]

Barkley's sentencing range and ultimate sentence were based on the offense level of 37 from § 4B1.1(A), and not on his initial base offense level of 35 from § 2D1.2 and the Drug Quantity Table in § 2D1.1, the provisions affected by Amendments 591, 706, and 750.  Thus, those amendments did not lower his applicable guidelines range.  Because Barkley's total sentence was not "based on" an amended guidelines provision, he is ineligible for a § 3582(c)(2) sentence reduction.

Barkley argues that the district court procedurally erred by not calculating his amended base offense level under U.S.S.G. § 2D1.2 and the Drug Quantity Table before denying his § 3582(c)(2) motion.  See United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000) (describing two-step process for evaluating a § 3582(c)(2) motion in which the district court first recalculates the amended guidelines range using the new base offense level and then decides whether to exercise its discretion to impose a sentence within the new sentencing range or retain the original sentence).  Barkley's argument fails because he overlooks that

---

[5]While Barkley now challenges his career-offender designation, he cannot challenge that determination in his § 3582(c)(2) proceeding.  See United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000) (explaining that all original sentencing determinations other than the amended guidelines provision remain unchanged in a § 3582(c)(2) proceeding); 18 U.S.C. § 3582(c)(2) (limiting proceedings to cases in which a retroactive guidelines amendment affects the applicable sentencing range).

the first step under <u>Bravo</u> requires the district court to recalculate the amended guidelines range keeping all other guideline decisions intact, including the decision to apply the career offender guideline in § 4B1.1. <u>Id.</u> at 780. By virtue of § 4B1.1, Barkley's guidelines range did not change. As such, it was unnecessary for the district court to specify Barkley's amended base offense level under § 2D1.2 in its orders.

In sum, because Barkley's total sentence is not "based on" an amended guidelines provision, he was ineligible for a sentence reduction. Accordingly, the district court properly denied his § 3582(c)(2) motions and his motion for reconsideration.

**AFFIRMED.**