OIL, CHEMICAL & ATOMIC WORKERS' INTERNATIONAL UNION and its Local 4–750, Plaintiffs–Appellees,

v.

SHELL OIL COMPANY, Defendant–Appellant.

No. 92–9582.

United States Court of Appeals, Fifth Circuit.

Nov. 3, 1993.

L. Chris Butler, Houston, TX, Charles M. Raymond, New Orleans, LA, for defendant-appellant.

Nancy Picard, Louis Leo Robein, Jr., Robein, Urann & Lurye, Metairie, LA, for plaintiffs-appellees.

Before GARWOOD, DAVIS and SMITH, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Shell Oil Co. appeals the district court order requiring it to arbitrate a substance abuse policy with the appellee union under the terms of the collective bargaining agreement. Because we find that the agreement does not require arbitration, we reverse the judgment and grant Shell's motion for summary judgment.

## I.

Shell's Norco complex, located about twenty-five miles west of New Orleans, manufactures energy and petrochemical products. The Oil, Chemical & Atomic Workers' International Union and its Local 4–750 (the "union") are the exclusive bargaining agents for operating, maintenance, warehouse, and laboratory employees at the Norco complex. Shell and the union entered into a collective bargaining agreement (the "agreement"), effective from February 1, 1990, through January 1, 1993.

In 1990, Shell decided to revise its existing drug and alcohol policy. In January 1991, Shell informed the union that it was going to implement a new "Substance Abuse Policy" (the "policy"). Shell and the union held several meetings to discuss the policy. The union submitted its own drug and alcohol policy to Shell. Shell and the union then held additional sessions seeking to negotiate an acceptable substance abuse policy. Thereafter, Shell announced that it would implement its policy despite union objections.

The policy mandates "for cause" testing, pre-employment testing as part of the application process, and random testing of all

employees in positions Shell designates as safety or environmentally sensitive. Testing procedures include saliva and breath analysis and blood and urine testing. The policy also allows Shell to conduct "reasonable searches" of employees, their vehicles, and their personal effects while on Shell premises or on Shell business. Under the policy, Shell ordinarily discharges an employee for failing to cooperate with a search, refusing to consent to a test, or testing positively a second time.

In December 1991, the union filed a grievance complaining about the policy. Shell advised the union that the policy was a health and safety policy and thus not subject to the grievance and arbitration procedures of the collective bargaining agreement. The union requested arbitration of the grievance, which request Shell declined citing Article 16 of the agreement.[1]

The union then filed suit to compel arbitration. Shell moved for summary judgment, maintaining that the policy was a health and safety policy governed by Article 16 and therefore not subject to arbitration. The union filed a cross motion for summary judgment, arguing that the policy was not a health and safety policy and that Article 16 excluded from arbitration only health and

safety recommendations made by the Health and Safety Committee or by the union alone.

The district court granted the union's motion for summary judgment, denied Shell's motion and ordered the case referred to arbitration. The court interpreted article 16 to exempt from arbitration "only those recommendations made by the Health and Safety Committee and proposals offered by the Union itself. . . ." The court reasoned that because Shell, rather than the union, proposed the policy, the policy was not excepted from arbitration. On appeal, Shell argues that the district court erred in concluding that the substance abuse policy was arbitrable.

## II.

We start from the bedrock premise that arbitration is the favored method of resolving labor disputes. *USWA v. American Mfg.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *USWA v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); and *USWA v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). However, the Supreme Court has made it clear that "arbitration is a matter of contract and a party cannot be required to submit to arbi-

---

1. Relevant provisions of Article 16 include the following:

### Article 16
#### HEALTH AND SAFETY
16.01 Health and Safety Committee
  16.011 Purpose

The purpose of the Health and Safety Committee is to assist in promoting safe and healthful working conditions and procedures in the Refinery, and to encourage all employees to cooperate with the Refinery's health and safety program. The Committee will meet periodically to discuss health and safety matters and make recommendations to management concerning such matters. Where a recommendation made to the Company is not accepted, an explanation will be made to the Committee. Decisions made by the Company with respect to such health and safety recommendations shall not be subject to the grievance and arbitration procedures of the Articles of Agreement.

16.02 Negotiations and Arbitration

  Separate and apart from the foregoing Health and Safety Committee, during the term of the Articles of Agreement, the Company is willing to negotiate upon request by the Union and through their designated negotiating representatives on proposals made by the Union

with respect to open and mandatory subjects for bargaining on health and safety. Such negotiations may include proposals for specific surveys of measurements of exposure to toxic chemicals or physical agents, studies regarding the effects on employees of such agents by qualified industrial consultants, who may be either outside consultants or Company personnel, as well as related physical examinations and medical tests. Any agreement reached hereunder shall be reduced to writing, specifically identified as an agreement hereunder, and signed by the parties. Any meetings or discussions held under Section 16.01 of this Article 16 shall not be construed to waive the Union's right to negotiate under Section 16.02 of this Article 16. Any subject matter upon which negotiations are conducted as contemplated herein, but on which no agreement is reached, shall not be subject to the grievance and arbitration procedures of the Articles of Agreement.

  Disputes over the application and interpretation of any agreement reached pursuant to the negotiations provided for herein shall be subject to the grievance and arbitration procedures of the Articles of Agreement.

tration any dispute which he has not agreed so to submit." *Warrior & Gulf Navigation*, 363 U.S. at 582, 80 S.Ct. at 1353.

The collective bargaining agreement in this case requires arbitration of all complaints arising from the application or interpretation of the agreement.[2] The agreement, however, in article 16 dealing with "Health and Safety," excludes certain matters from article 10's arbitration requirement. The parties first dispute whether the substance abuse policy fits under article 16.

The union argues that the substance abuse policy is not governed by article 16 because the policy is not a health and safety policy. In support of its argument, the union argues that Shell did not promulgate the policy in response to existing health and safety problems at the refinery. The union also argues that Shell is attempting to circumvent arbitration by arbitrarily labeling this policy as a health and safety policy.

▪ We reject the union's position that the substance abuse policy is not a health and safety policy governed by article 16. A policy need not be promulgated in response to existing health and safety problems to be considered a health and safety policy under article 16. We have no doubt that promotion of the health and safety of the work force is the only significant reason for the adoption of a substance abuse policy in a chemical plant.

Two recent cases dealing with the arbitrability of substance abuse programs offer support for Shell's argument. In *United Steelworkers of America v. ASARCO, Inc.*, 970 F.2d 1448, 1451 (5th Cir.1992), the court ordered arbitration of a drug and alcohol policy. The court characterized the dispute between the parties as one involving application of the provision requiring the company to make reasonable provisions for the safety and health of its employees. Again in *Oil,*

*Chemical & Atomic Workers Int. Union v. Phillips 66*, 776 F.Supp. 1189, 1193–94 (S.D.Tex.1991), *aff'd*, 976 F.2d 277 (5th Cir. 1992), the court held, inter alia, that a drug testing policy was arbitrable because it violated the health and safety provisions of the collective bargaining agreement. See also *Independent Oil Workers Union v. Mobil Oil Corp.*, 777 F.Supp. 391, 395 (D.N.J.1991) (noting the applicability of health and safety provisions to a drug and alcohol testing program in finding the program subject to arbitration).

We conclude therefore that the substance abuse policy is a health and safety policy governed by article 16. We next consider the union's alternative argument that arbitration is required under article 16 because the policy was unilaterally imposed by Shell.

▪ The union argues that article 16 exempts from arbitration only proposals made solely by the union or by the committee, but does not exempt proposals made solely by Shell. Shell disputes this interpretation and points to the final sentence of paragraph one of article 16.02.[3] Shell concedes that it made the initial proposal. It contends, however, that the union made a proposal of its own in response to the Shell proposal. Shell and the union then negotiated over the substance abuse program but were unable to agree. Shell argues that article 16.02 expressly exempts from arbitration a dispute over a health and safety policy which has developed to this stage.

We are bound by the interpretation we gave this agreement in *Oil, Chemical & Atomic Workers Int'l Union, Local 4–367 v. Shell Oil Co.*, No. 83–2239 [724 F.2d 975, table] (5th Cir., Jan. 20, 1984). In *Local 4–367*, the court interpreted the health and safety provisions of virtually the same agreement[4] in a dispute between Shell and the

---

2. Article 10 of the agreement provides that "[a]ll complaints arising out of the application or interpretation of this Agreement shall be [arbitrated]."

3. The final sentence of paragraph one of article 16.02 provides:

   Any subject matter upon which negotiations are conducted as contemplated herein, but on which no agreement is reached, shall not be

subject to the grievance and arbitration procedures of the Articles of Agreement.

4. We find inconsequential the changes in the agreement in *Local 4–367* and the agreement at issue in this case. The agreement interpreted in *Local 4–367* contained the following operative language:

   Decisions by the Company with respect to health and safety recommendations shall not

same international union involved in this suit. The health and safety policy at issue in *Local 4–367* restricted facial hair. Like the policy in this case, Shell, and not the union or the committee, initially introduced the facial hair policy. Following some discussion about the policy, the parties could not agree and Shell refused to arbitrate. The court concluded that the agreement specifically exempted from arbitration "general policy decisions on health and safety." *Id.* at 3. *Local 4–367*, which involved an almost identical collective bargaining agreement and a similar dispute between virtually the same parties that bring us the instant case, obviously binds us.

Finally, the union's reliance on *ASARCO*, 970 F.2d 1448, and *Phillips 66*, 970 F.2d 1448, is misplaced. Although *ASARCO* and *Phillips 66* hold that the substance abuse policies in those cases were arbitrable, the terms of the collective bargaining agreements in those cases are distinguishable from the one governing today's case. Neither the *ASARCO* or the *Phillips 66* agreements contained language excluding arbitration for health and safety policies. A demand for arbitration is determined by the specific language of the agreement in question, not by the subject of the dispute. *American Mfg.*, 363 U.S. at 582, 80 S.Ct. at 1353 (a party may be compelled to arbitrate only if he has contracted to do so). In this case, unlike in *ASARCO* and *Phillips 66*, the agreement between the parties does not require arbitration of this dispute.

In summary, we conclude that the policy is a health and safety policy and that article 16 of the collective bargaining agreement excludes arbitration in this case. Because we find that the policy is not arbitrable under the collective bargaining agreement, we reverse the district court's order granting summary judgment in favor of the union and render summary judgment for Shell, dismissing this suit.

REVERSED and RENDERED.

---

be subject to the grievance and arbitration procedures of the Articles of Agreement.... Any subject matter upon which negotiations are conducted as contemplated herein, but no agreement is reached, shall not be subject to the grievance and arbitration procedures of the Articles of the Agreement.

The agreement at issue in this case contains the following operative language:

Decisions *made* by the Company with respect to *such* health and safety recommendations shall not be subject to the grievance and arbitration procedures of the Articles of Agreement....

Any subject matter upon which negotiations are conducted as contemplated herein, but *on which* no agreement is reached, shall not be subject to the grievance and arbitration procedures of the Articles of the Agreement.

(changes emphasized).