[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-11859

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TORRI MCKNIGHT,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cr-20816-MGC-1

_____

2                     Opinion of the Court                  20-11859

_____

No. 21-11398

Non-Argument Calendar

_____

TORRI MCKNIGHT,

                                             Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

                                             Respondent-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 1:20-cv-22473-MGC,
1:18-cr-20816-MGC-1

_____

Before JORDAN, LAGOA, and LUCK, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Torri McKnight, a former federal prisoner, appeals the district court's final judgment in her criminal case, which was entered on August 5, 2019 (No. 20-11859). Ms. McKnight also appeals the district court's dismissal without prejudice of her 28 U.S.C. § 2255 motion to vacate, the denial of her motion for an indicative ruling, and the denial of her motion for reconsideration (No. 21-11398). The government has moved to dismiss Ms. McKnight's appeal in No. 20-11859 as untimely, to summarily affirm the district court's orders in No. 21-11398, and to stay the briefing schedule in both appeals.

We have reviewed the parties' briefs and the record. We now grant the government's motion to dismiss Ms. McKnight's criminal direct appeal (No. 20-11859). We also summarily affirm the district court's orders in Ms. McKnight's § 2255 appeal (No. 21-11398). Because we summarily affirm in No. 21-11398, we deny the government's motion to stay the briefing schedule as moot. We explain our reasoning below.

I

In a criminal case, a defendant's notice of appeal must be filed within 14 days after entry of the judgment or order being appealed. *See* Fed. R. App. P. 4(b)(1)(A)(i). The time limits in criminal appeals are not jurisdictional, but instead represent a claim-processing rule. *See United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009). Nevertheless, if the government raises the issue of timeliness, we must apply the time limits of Rule 4(b). *See id.* at 1314.

Ms. McKnight's *pro se* notice of appeal in No. 20-11859 is undated, so it is deemed filed when it was postmarked on May 12, 2020. *See* Fed. R. App. P. 4(c)(1)(A)(ii); *see also Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (explaining that a *pro se* prisoner's filing is generally deemed filed on the date that he (or she) delivered it to prison authorities for mailing). Her criminal judgment became final on August 5, 2019. Therefore, her notice of appeal—filed almost nine months later—is untimely pursuant to Rule 4(b)(1)(A). *See also Lopez*, 562 F.3d at 1314.

The notice of appeal also cannot be construed as a motion to extend the time to appeal because it was not filed within 30 days after the appeal period expired. *See* Fed. R. App. P. 4(b)(4) (authorizing the district court to grant a 30-day extension of the 14-day deadline in a criminal case based on a finding of good cause or excusable neglect). *See also United States v. Ward*, 696 F.2d 1315, 1317–18 (11th Cir. 1983) (construing a late notice of appeal, filed within the 30 days during which an extension is permissible, as a motion for extension of time). Here the untimely appeal far exceeds the 30 days.

Because the government has raised the issue of timeliness, we must enforce Rule 4(b)'s requirements. Accordingly, Ms. McKnight's appeal in No. 20-11859 is **DISMISSED** as untimely.

## II

We review *de novo* a district court's dismissal of a § 2255 motion for lack of jurisdiction. *See Randolph v. United States*, 904

20-11859                Opinion of the Court                5

F.3d 962, 964 (11th Cir. 2018).  We review the denial of a motion for reconsideration for an abuse of discretion.  *See United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018).  A district court abuses its discretion when it "applies an incorrect legal standard" or "follows improper procedures in making a determination." *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (quotation marks omitted).

## A

In June 2020, while her criminal direct appeal was pending, Ms. McKnight filed a *pro se* § 2255 motion to vacate in which she raised six claims of ineffective assistance of counsel.  Relevant here, Ground Six of her § 2255 motion was "ineffective assistance by failing to provide knowledge of appeal rights." D.E. 1 at 13. The only description of this claim that Ms. McKnight provided was one sentence stating that her attorney "failed to provide knowledge of her appeal rights before and after sentencing." *Id.* [1]

Ms. McKnight then moved the district court, through counsel, to issue an "indicative ruling" on Ground Six.  She acknowledged that her notice of appeal in her criminal case was untimely but argued that the district court could cure the untimeliness of her direct appeal by indicating that it would grant relief on her § 2255 motion as to her ineffective-assistance claim that resulted in a failure to file a timely notice of appeal. *See* D.E. 5 at 2–3.  She asserted

---

[1] The docket entries in this section will refer to Ms. McKnight's appeal in No. 21-11398 (District Case No. 1:20-cv-22473).

that, while her pending direct appeal would normally divest the district court of jurisdiction to consider her § 2255 motion, the Federal Rules of Appellate Procedure and this Court's rules provided a process through which the district court could consider the claim and let this Court know whether it would accept a remand to grant relief. *See id.* at 3–4. She requested that the district court issue an order of indicative ruling stating that it would find ineffective assistance of counsel if this Court were to remand the appeal, vacate its criminal judgment, and reenter its judgment against her to provide her with a new timeframe for her criminal direct appeal. *See id.* at 4–5.

In April 2021, without requiring a response from the government, the district court denied the motion for an indicative ruling and dismissed without prejudice Ms. McKnight's § 2255 motion for lack of jurisdiction. *See* D.E. 6 at 1–2. The district court stated that it could not grant the relief that she requested because a defendant may not seek collateral relief while her direct appeal is pending. It determined that Ms. McKnight had not shown an extraordinary circumstance warranting departure from the general rule that courts lack jurisdiction to hear § 2255 motions filed while a direct appeal is pending.

Ms. McKnight then moved for reconsideration, arguing that the district court had ignored the process outlined in Rule 37 of the Federal Rules of Criminal Procedure. *See* D.E. at 1, 5. She stated that she filed her motion for an indicative ruling because she was in a "legal bind" due to her former counsel's ineffectiveness

regarding her appellate rights and the procedural posture of her case. *Id.* at 3–4. She argued that Ground Six was directly tied to the timeliness and validity of her pending direct appeal and the district court had authority to indicate whether it would grant relief, pursuant to Rule 37, thereby making her appeal "valid and timely." *See id.* at 4.

The district court denied her motion for reconsideration, noting that it "cannot give [Ms. McKnight] the relief she seeks[.]" It could not "look at" the motion and determine whether it would be inclined to grant Ground Six, as doing so would require extensive litigation regarding the § 2255 motion, including ordering the government to show cause, allowing Ms. McKnight to reply, and potentially holding a hearing. *See* D.E. 9 at 1–2. It explained that because it lacked jurisdiction over the § 2255 motion, it could not authorize such extensive litigation regarding it and thus could not determine whether it would grant it. *See id.* at 2. The district court went on to say that because Ms. McKnight's ineffective-assistance claim in Ground Six was "wholly conclusory," it would be "especially improper" for it to indicate to this Court that it would grant her § 2255 motion. *See id.* at 2.

## B

The government asks us to summarily affirm the district court's order dismissing Ms. McKnight's § 2255 motion and denying her motion for an indicative ruling. We have recognized at least two circumstances under which summary disposition is appropriate. The first is where time is of the essence, such as

"situations where important public policy issues are involved or those where rights delayed are rights denied." *Groendyke Transport, Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The second is where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Id.* Here, the government contends that Ms. McKnight's appeal falls within that second category because the district court's ruling was clearly correct as a matter of law. We agree and summarily affirm its orders in this appeal.

Generally, a defendant may not pursue collateral relief while her direct criminal appeal is pending. *See United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990). The filing of a notice of appeal divests a district court of jurisdiction "over the aspects of the case involved in the appeal" and bars the district court from taking "*any* action with regard to the matter except in aid of the appeal." *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013) (internal quotation marks and citation omitted). Usually, the appropriate action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice so that the defendant can pursue his or her collateral remedies when jurisdiction is revested in the district court after disposition of the direct appeal. *See Khoury*, 901 F.2d at 976.

But Rule 37 of the Federal Rules of Criminal Procedure—entitled "Indicative Ruling on a Motion for Relief That Is Barred by

a Pending Appeal"—does offer a discretionary carve out for this typical course action. In relevant part, it provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court *may*:
>
>> (1) defer considering the motion;
>>
>> (2) deny the motion; or
>>
>> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a) (emphasis added). If the district court states that it would grant the motion or that the motion raises a substantial issue, the movant must promptly notify the Clerk of this Court, and we may remand for further proceedings. Fed. R. App. P. 12.1.

Eleventh Circuit Rule 12.1-1(c) provides, in relevant part, that when a party files a motion in the district court that the court lacks authority to grant because an appeal is pending, "the district court *may* consider whether to grant or deny the motion without obtaining a remand from this court." 11th Cir. R. 12.1-1(c) (emphasis added). Rule 12.1-1 further states that "[i]f the district court determines that the motion should be denied, the district court *may* deny the motion without a remand by this court." *Id.* 12.1-1(c)(1) (emphasis added). But "[i]f the district court determines that the motion should be granted, the district court should enter an order stating that it intends to grant the motion if this court returns jurisdiction to it." *Id.* 12.1-1(c)(2). Moreover, if the district court

determines that the motion raises a substantial issue that warrants further consideration, it "should enter an order so stating" and "*may* without a remand conduct such further proceedings as are necessary to determine whether the motion should be granted or denied." *Id.* 12.1-1(d) (emphasis added).

Ms. McKnight is correct that the district court could have issued an indicative ruling regarding her § 2255 petition.  But departure from the general rule is discretionary.  Rule 37 specifically notes that a district court *may* state that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.  It does not say that a district court *must* opine on the matter and issue an indicative ruling.  The same is true for Rule 12.1 of the Rules of Appellate Procedure and Eleventh Circuit Rule 12.1-1(c), both of which state that a district court *may* pursue a different course of action from the general rule under certain circumstances and findings.  Discretion to issue an indicative ruling is not an obligation to do so, and Ms. McKnight has not provided any reason—other than her desire to fashion a work-around for the timeliness issue in her criminal direct appeal—to impose such a requirement.

Furthermore, the decision to exercise that discretion is predicated on a finding by the district court that it would either grant the motion if the court of appeals remands for the purpose raised in the § 2255 motion (in this case ineffective-assistance) or that the motion raises a substantial issue.  But as the district court here noted, Count Six of Ms. McKnight's §2255 motion is incredibly

brief and "wholly conclusory." D.E. 9 at 2. Ms. McKnight claimed that her counsel provided "ineffective assistance by failing to provide knowledge of appeal rights," explaining only in one sentence that her attorney "failed to provide knowledge of her appeal rights before and after sentencing." D.E. 1 at 13. As the government notes, Ms. McKnight did not allege in her § 2255 motion that she specifically asked her attorney to file a direct appeal on her behalf and her attorney failed to do so or that she ever conveyed to her attorney any desire to potentially appeal her conviction or sentence. *See Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007) (explaining that an attorney's performance is deficient where the attorney fails to file an appeal on behalf of a client who specifically asks the attorney to do so). *See also Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996) (holding that "a defendant is prejudiced where his attorney fails to file an appeal after being requested to do so, even after the defendant pled guilty").

Given Ms. McKnight's conclusory allegation, the district court expressly stated that it would be "especially improper" for it to indicate that it would grant her § 2255 motion if her case were remanded, *see* D.E. 9 at 2, which demonstrates that the district court considered the procedures outlined in Rule 37(a) and Rule 12.1-1(c). It simply did not find that Ms. McKnight had articulated a reason why it should exercise its discretion to her benefit.

Accordingly, the district court did not abuse its discretion in denying Ms. McKnight's motion for an indicative ruling or her subsequent motion for reconsideration, as it applied the correct legal

standard and followed the proper procedures set out in Rule 37(a) of the Federal Rules of Criminal Procedure and Eleventh Circuit Rule 12.1-1. We conclude that the district court's rulings (both its initial denial of Ms. McKnight's § 2255 motion and the denial for reconsideration) were correct as a matter of law and therefore summarily affirm.[2]

### III

We **GRANT** the government's motion to dismiss Ms. McKnight's criminal direct appeal as untimely in No. 20-11859, and **GRANT** the government's motion for summary affirmance of Ms. McKnight's § 2255 appeal in No. 21-11398. In so doing, we **DENY AS MOOT** the government's motion to stay the briefing schedule.

---

[2] Our decision today does not necessarily leave Ms. McKnight without remedy. Although she was released from federal prison on October 21, 2021, she remains "in custody" for purposes of § 2255 because she is currently serving a three-year term of supervised release. *See Jones v. Cunningham*, 371 U.S. 236, 239–40 (1963) (holding that a prisoner who had been placed on parole was still "in custody" under his unexpired sentence). Therefore, as the district court dismissed her § 2255 motion without prejudice, she may refile her § 2255 motion raising her various claims of ineffective assistance of counsel after disposition of her direct criminal appeal. *See Khoury*, 901 F.2d at 976 (stating that a movant "may pursue his collateral remedies without prejudice when jurisdiction is revested in the district court").